[No. 1655. Decided October 31, 1895.]

Z. COLBY et ux., *Appellants*, v. THE CITY OF SPOKANE *et al., Respondents.*

INJUNCTION — PLEADING AND PROOF — WHEN ORDER DENYING INJUNCTION APPEALABLE.

An order denying an injunction is appealable under the statutes of this state only when there is an affirmative finding that the defendants are insolvent.

An allegation in an answer that defendant " has no knowledge or information sufficient to form a belief " is a sufficient denial to put in issue the allegations of the paragraph of complaint to which it is addressed.

An application for a temporary injunction against trespassing upon plaintiff's land should be denied when his allegation of owner-

ship in the land has been traversed by defendant, and no proof has been submitted on the issue raised.

The refusal to grant a temporary injunction restraining a trespass on land is not erroneous, when it appears that the trespass was made by a city for the purpose of excavating for a pipe line, that proceedings were under way for the condemnation of the land, with a view to the full compensation of the owner therefor, and there is no showing that the injury would be irreparable, that the defendant is insolvent or that the injunction is necessary to prevent a multiplicity of suits.

*Appeal from Superior Court, Spokane County.*

*L. H. Prather*, for appellants.

*James Dawson*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.— This action was brought to obtain an injunction against the respondents, restraining them from further proceeding in the work of excavating for a pipe line to be used as a part of a system for the supplying of the city of Spokane with water. A temporary restraining order was issued and served upon the respondents, with a notice that on a day therein named application would be made for a temporary injunction, pending the final determination of the cause. Upon the day named in such notice the parties appeared, and the respondent, the city of Spokane, put in an answer containing some general denials and an allegation by way of affirmative defense, setting up the pendency of proceedings to condemn the land in controversy to the use of the city. Thereafter the application for a temporary injunction was heard and denied, and an order made dismissing the cause. From this action of the court this appeal has been prosecuted.

We have stated that an answer was put in by the

respondent, the city of Spokane, but no such fact is made to appear from the transcript brought up by the appellants. The fact that there was such an answer is made to appear only from the briefs. Hence, we would probably be justified in considering the cause either as having been determined in the lower court without an answer, or with one as to the terms of which we have no information. If the first, the only ruling for which the appellants could ask a reversal would be the denying of the temporary injuncsion, for the reason that the dismissal of the action must be presumed to have been by their consent, as it would have been irregular for the court to pass upon the merits without it, and, nothing to the contrary appearing, it must be presumed that the proceedings were regular. The judgment of dismissal having been consented to could not be appealed from. The denial of the injunction would only sustain an appeal under our statute when there was an affirmative finding that the defendants were insolvent, and there was no such finding in the case at bar. It would follow that the appeal should be dismissed. If the second, the judgment should be affirmed for the reason that the terms of the answer being unknown it must be presumed to have been sufficient to warrant the conclusion to which the court arrived. But in view of the fact that the respondent, the city of Spokane, in its brief has set out all of the proceedings, including its answer, we are probably justified in assuming that the answer was omitted from the transcript by mistake and was in the terms set out in the brief of such respondent.

If we examine the case as though the answer contained in the brief had been brought up in the transcript, it will follow that it must be here held that the action was submitted to the superior court for final de-

termination upon complaint and answer, without any reply having been made to such answer, or proofs submitted in support of the allegations of the complaint. This being so, the only question for us to consider is as to whether or not the denials of the answer were such as to put in issue any of the necessary allegations of the complaint, and if they were not, was the matter set up by way of affirmative defense sufficient for that purpose?

As to the first proposition, it is conceded by the appellants that one of the necessary allegations of the complaint was the ownership of the premises in controversy. This allegation was met in the answer by the statement of the defendant, the city of Spokane, that in reference thereto it had no knowledge or information sufficient to form a belief. The form of this denial is attacked by the appellants, but in our opinion it was that required by our statute in a case where the defendant has not such knowledge that he can deny the allegation, and is not so well advised of its truth that he is compelled to admit it. Hence the attack of the appellants upon the form of the allegation in the answer cannot be sustained.

They also attack it upon the ground that the facts set up in the affirmative defense were such as to show that said defendant must have had full knowledge as to the ownership, and for that reason could not allege that it had no knowledge or information sufficient to form a belief. Their argument upon this branch of the question is that since it was only necessary to proceed in the condemnation proceedings against the owners of the property, the fact that such proceedings had been instituted against them by the defendant showed that it had full knowledge as to the ownership of the premises. This argument cannot be sustained

for the reason that one may have such an interest in property sought to be condemned as to be made a party to the proceeding, and yet may not have such title and right to possession as would authorize him to maintain an action like the one at bar. We must therefore hold that this allegation in the answer was such as to require on the part of the appellants proof of ownership before they would be entitled to the relief sought; and since it must be presumed that the plaintiffs elected to submit their cause without proofs, this allegation in the answer was in itself sufficient to justify the conclusion reached by the superior court.

But even if we should not determine the question upon this technical ground, we should yet probably be of the opinion that under all the circumstances of the case the action of the superior court was what it should have been. The remedy by injunction is to a certain extent within the discretion of the court, and where, as in this case, it appears that such proceedings were being taken as would soon take from plaintiffs the title to the property and give them full compensation therefor, the fact that by premature action a trespass might have been committed would not, unless coupled with facts not made to appear by this complaint, entitle them to an injunction. The only ground upon which, under the allegations of this complaint, an injunction could be granted would be that it was necessary to prevent a multitude of suits. But the facts alleged in the answer were such as to negative the idea that such would be the result of a refusal of equitable relief. It was not made to appear that the defendant, the city of Spokane, was insolvent, or that full compensation for the illegal acts charged could not be had in an action at law. There was, it is true, the general allegation in the complaint that the injury

was irreparable, but that allegation alone could have
no force unless the facts stated showed that such would
be the result.

We find no such error as would warrant us in re-
versing the action of the superior court, and the judg-
ment therein rendered must be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.