[No. 3868.  Decided April 19, 1902.]

HENRY M. PETERS, *Appellant,* v. SWAN LEWIS *et al.,*
*Respondents.*

APPEALABLE ORDER — INJUNCTION — SUSTAINING DEMURRER TO COM-
PLAINT.

An order sustaining a demurrer to a complaint in injunction
is a final order and hence appealable, when the plaintiff refuses
to plead further, though the effect of the court's ruling is the de-
nial of a temporary injunction, since the matter determined is the
sufficiency of the complaint and not the necessity for the issu-
ance of a restraining order.

SURFACE WATERS — DRAINAGE FROM HIGHER TO LOWER GROUND —
REMEDY OF LOWER PROPRIETOR.

When surface water is collected and discharged upon adjoining
lands in quantities greater than, or in a manner different from,
the natural flow, a liability accrues for the injury occasioned
thereby, and where the injury is a continually recurring one, in-
capable of being compensated in damages, injunction is the proper
remedy.

SAME — ENJOINING UNNATURAL FLOW OF SURFACE WATERS — SUF-
FICIENCY OF COMPLAINT.

In an action to enjoin the discharge of drainage upon plain-
tiff's premises, a complaint is good, as against demurrer, for the
purpose of showing more than a natural surface flow from de-
fendant's premises upon those of plaintiff, when it alleges that
"the defendants have said two buildings so erected and situate on
their said premises that the drainage from said two buildings is
discharged upon plaintiff's said above-described premises."

Appeal from Superior Court, King County.—Hon.
BOYD J. TALLMAN, Judge.  Reversed.

*H. E. Foster,* for appellant.

*Ira Bronson,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This action was brought ·by appellant
against respondents to procure an injunction against an al-

leged discharge of drainage upon appellant's premises, and to recover damages alleged to have already accrued from such drainage. The complaint shows that appellant is the owner of a certain lot in the city of Seattle, upon which stands a building which is let to merchants and others for business purposes; that the property is valuable, and a source of great profit to appellant; that respondents are the owners of a certain lot adjoining that belonging to appellant, and on the south thereof; that on the north side of respondents' lot two buildings have been erected by respondents, which are used and occupied as dwelling houses; that the said two buildings are so situated upon respondents' premises that the drainage therefrom is discharged upon appellant's premises; that, for the purpose of preventing dirt and other accumulations from falling from respondents' premises upon appellant's premises, appellant constructed a wall or box head between the two, the same being necessary for the protection of appellant's premises; that respondents wrongfully and wilfully continued to permit the drainage from their said buildings to be discharged upon appellant's premises, and that by reason thereof said wall or box head has been broken down, the floors of appellant's building have been greatly damaged, and a large amount of dirt has been deposited upon and against said building; that said drainage accumulations are greatly injuring his said building and annoying his tenants, and, unless respondents are restrained, the buildings will be still further greatly damaged, and his injury will be irreparable. The damages are alleged to be $1,000, for which sum judgment is asked; and a perpetual injunction enjoining the further continuance of the acts complained of is also asked. To the complaint a demurrer was interposed by respondents on the ground that sufficient facts are not

stated to constitute a cause of action. The demurrer was sustained, and judgment entered against appellant for costs. From such judgment this appeal was taken.

Respondents move to dismiss the appeal on the alleged ground that this is an appeal from an order denying a temporary injunction, and that, under the authority of *Colby v. Spokane,* 12 Wash. 690 (42 Pac. 112), it is not an appealable order, since no finding was made that respondents are insolvent. We think, however, that the appeal should be treated as one from a judgment on an order sustaining a demurrer to the complaint, plaintiff having declined to plead further. It appears from the record that the court determined the whole matter upon what was deemed to be the insufficiency of the complaint, and, since appellant saw fit not to plead further, there was no further hearing open to him in the case, and the judgment became final and appealable. The motion to dismiss the appeal is denied.

It is assigned as error that the court sustained the demurrer to the complaint. It is insisted by the respondents that the complaint does not show that the drainage is more than a natural surface flow from respondents' lot toward and upon appellant's lot, and that no cause of action can be founded thereon. If the complaint showed only what is asserted by respondents, their position might be stronger; but we think the complaint contains allegations which are sufficient as against demurrer, to the effect that the drainage complained of is more than the natural surface drainage. It is alleged that "the defendants have said two buildings so erected and situate on their said premises that the drainage from said two buildings  .   .   . is discharged upon plaintiff's said above-described premises." While the allegation might have been made more specific, yet there is no motion in the record calling for a

more specific statement; and we think the allegation is
comprehensive enough to admit of proof that water is not
only collected by the roofs of the buildings, and dis-
charged in a body upon appellant's lot, but also that drain-
age from the buildings of a sewage character is likewise
discharged. Such an attempt on the part of a lot owner
to make an adjoining lot subservient to the convenience
of his own cannot be without remedy. It has been held
that the casting of masses of water upon the premises of
an abutting owner, caused by the construction of a sewer
by a city, is a taking of lands, within the constitutional
prohibition. *Thurston v. St. Joseph,* 51 Mo. 510 (11 Am.
Rep. 463). It has been further held that where, by means
of a ditch, the quantity of water flowing from one farm to
another is increased over the amount of the natural flow,
or where it is caused to be discharged in a different manner
from that of the natural flow, to the injury of an adjoin-
ing landowner, the party causing such discharge is liable
for the damage thus occasioned. *Livingston v. McDonald,*
21 Iowa, 160 (89 Am. Dec. 563).

"An owner of land has no right to rid his land of sur-
face water, or superficially percolating water, by collecting
it in artificial channels and discharging it through or upon
the land of an adjoining proprietor." Gould, Waters (3d
ed.), § 271.

Numerous cases are cited by the author. It seems,
therefore, to be the rule that when surface water is collected
and discharged upon adjoining lands in quantities greater
than, or in a manner different from, the natural flow, a
liability accrues for the injury occasioned thereby. In-
junction is also held to be a proper remedy where the
injury is a continually recurring one, and cannot be com-
pensated in damages. Gould, Waters (3d ed.), §§ 536,
553; 1 High, Injunctions (3d ed.), § 751.

In addition to the allegation in this complaint that the drainage from the two buildings is discharged upon appellant's lot, it is also alleged that the surface drainage from the north side of respondents' lot is likewise discharged. The allegation is made in such connection, however, that we think a reasonable interpretation of the pleading must be that such surface drainage is due to the erection and maintenance of respondents' buildings, and that it is not, therefore, the natural surface drainage. The question is argued by respondents' counsel that a lower estate must be subservient to the natural surface drainage of an upper one, while appellant's counsel urges that a distinction is made between urban and rural property in this particular, and cites some strong authority in support of the position. That question is an important one, however, and, as we have said, it is not directly raised by the complaint in this case. We therefore decline to pass upon it here.

Since we believe the complaint states a cause of action, the judgment is reversed, and the cause remanded, with instructions to the lower court to overrule the demurrer.

REAVIS, C. J., and FULLERTON, ANDERS, DUNBAR, MOUNT and WHITE, JJ., concur.