[No. 6148. Decided July 7, 1906.]

The State of Washington, *on the Relation of J. L. Young, Plaintiff,* v. The Superior Court for King County, *et al., Respondents.*[1]

Appeal and Error—Order Reviewable—Denial of Temporary Injunction. By the provision of Bal. Code, § 6500, that there shall be no appeal from orders denying a temporary injunction unless the defendant is found to be insolvent, the legislature deemed an appeal from the final judgment in an action for damages to be an adequate remedy, and not that such an order might be reviewed by some other remedy, and no different rule applies by reason of there being constitutional questions involved.

Certiorari—When Lies—Denial of Temporary Injunction— Municipal Corporations — Damage to Property Without Making Compensation. A writ of certiorari does not lie to review an order denying a temporary injunction to prevent the taking or damaging of property by a municipal corporation by a change of grade without first making compensation therefor.

Certiorari to review an order of the superior court for King county, Griffin, J., entered April 6, 1906, after a hearing on the merits, denying relator's application for a temporary injunction to restrain the grading of a street. Dismissed.

*Willett & Willett,* for relator, contended, among other things, that there was no adequate remedy by an appeal and supersedeas. *State ex rel. Miller v. Lichtenberg,* 4 Wash. 407, 30 Pac. 716; *Coleman v. Columbia etc. R. Co.,* 8 Wash. 227, 35 Pac. 1077. The *status quo* of the parties must be preserved. *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385; *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317; *State ex rel. Cann v. Moore,* 23 Wash. 276, 62 Pac. 769; *Swope v. Seattle,* 35 Wash. 69, 76 Pac. 517. It is necessary for a municipality to pay into court compensation for damages to private property before making the improve-

1Reported in 85 Pac. 989.

ment. Const., art. 1, § 16; *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385; *Seattle Transfer Co. v. Seattle,* 27 Wash. 520, 68 Pac. 90; *Olson v. Seattle,* 30 Wash. 687, 71 Pac. 201; *Hart v. Seattle,* 42 Wash. 113, 84 Pac. 640. The fact of damages must be determined by the jury, or the owner's constitutional right is invaded, and thereby the initiative and burden of proof would be cast upon him as to such fact. *Peterson v. Smith,* 6 Wash. 163, 32 Pac. 1050; *Seattle etc. R. Co. v. Murphine,* 4 Wash. 448, 30 Pac. 720; *Askham v. King County,* 9 Wash. 1, 36 Pac. 1097; *Snohomish County v. Hayward,* 11 Wash. 429, 39 Pac. 652; *Livingston v. Commissioners,* 42 Neb. 277; *Levee Commissioners v. Dancy,* 65 Miss. 335. The relator was required to establish a *prima facie* case only, which could not be rebutted, and need not be established with the same precision and certainty as upon a final hearing. *Perkins v. Collins,* 3 N. J. Eq. 482; *Holrige v. Gwynne,* 18 N. J. Eq. 26; *Campbell v. Morrison,* 7 Paige 157; *Bank of Oreleans v. Skinner & Slason,* 9 Paige 305; *Boger v. Haight,* 9 Paige 297; *Jones v. Macon etc. R. Co.,* 39 Ga. 138; *Warsop v. Hastings,* 22 Minn. 437.

*Anthony M. Arnston, Arthur P. Redman,* and *F. A. Gilman,* for respondents.

RUDKIN, J.—The relator brought an action in the superior court of King county to restrain the city of Columbia from grading one of the city streets, upon the ground that such grade would damage the relator's abutting property, and such damage had not been ascertained or paid in the mode required by the constitution. A hearing was had on a motion for a temporary injunction, after notice, and upon such hearing the application was denied. The relator thereupon applied to this court for a writ of review to review the order denying the motion for a temporary injunction. The writ

was allowed and the entire record is now before us. The first question for consideration is, should the writ of review issue in a case such as this.

"Independent of legislation, and upon principal as well as authority, it is believed that the true doctrine is, that an order either granting or refusing a preliminary injunction, being merely an interlocutory order, made during the progress of the case, does not partake of the nature of a final judgment or decree to such an extent as to warrant an appeal therefrom, or to justify a court of review in revising the action of the inferior court upon such question." High, Injunctions (3d ed.), § 1693.

"The issuance of a preliminary injunction which will put restraints upon the defendant before the rights of the parties have been fully investigated and tried, rests solely in the discretion of the chancellor, and as a general rule his action in ordering or denying a preliminary injunction will not be reviewed on appeal or otherwise controlled." 10 Ency. Plead. & Prac., 983.

The legislatures of many of the states have provided for appeals in such cases in one form or another. Bal. Code, § 6500, subd. 3, allows an appeal,

"From any order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: *Provided, That no appeals shall be allowed from any order denying a motion for a temporary injunction or vacating a temporary injunction, unless the judge of the superior court shall have found, upon the hearing, that the party against whom the injunction was sought was insolvent.*"

There is no finding of insolvency in this case, and it is conceded that no appeal would lie. *Colby v. Spokane,* 12 Wash. 690, 42 Pac. 112; *Anderson v. McGregor,* 36 Wash. 124, 78 Pac. 776. Why did the legislature deny an appeal, except in cases of insolvency? It seems to us the reason is obvious. It was not because the legislature had already provided another method for the review of such orders, nor because it contemplated a different method of review in the

future, but because it deemed an appeal from the final judgment, or an action at law for damages, an adequate remedy in such cases. In other words, it is plain to us that the legislature intended that such orders should not be subject to review in this court in any form, except on appeal from the final judgment. The power of this court to review interlocutory orders and the method of review are purely statutory, and when it is apparent that the legislature intended that a particular order should not be subject to review here, we are entirely without jurisdiction in the premises.

The relator contends, however, that constitutional questions are involved in this case, and that a different rule applies. It is true the relator based his right of action in the court below upon the ground that the defendant was about to damage his property in violation of the constitution of the state, but it is equally true that this claim has been denied by a court of competent jurisdiction. Unless the law otherwise provides, property rights which are safeguarded by the constitution do not stand upon a different footing from property rights which are safeguarded by the common or statute law. All such rights are protected by the same courts and by the same procedure.

In support of this contention, the relator cited *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385, but we think that case is readily distinguished from the case at bar. The court there had under review an order of the superior court which permitted the defendant to damage the relator's property and substituted a bond for the damages which the constitution declares must be paid in advance. The order was to all intents and purposes a final order, and the right of review in such cases is governed by entirely different principles. In *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317, the writ was issued in aid of the appellate jurisdiction of this court, and the decision has no application. In *State ex rel. Cann v. Moore,* 23 Wash. 276, 62 Pac. 769,

the writ was issued to review a final judgment. In *Swope v. Seattle*, 35 Wash. 69, 76 Pac. 517, this court reviewed the action of the superior court in requiring an additional bond to be filed as a condition precedent to the continuance of a temporary injunction. It must be confessed that the decision in that case tends to sustain the contention of the relator here. If we may review the action of the superior court in fixing the amount of the bond on an application for a temporary injunction, there would seem to be no good reason why we should not review any question of law or fact involved in the application in the same manner. The remedy by writ of review was not discussed in *Swope v. Seattle* further than to cite *State ex rel. Smith v. Superior Court, supra,* and for the reasons we have stated we do not think that the *Smith* case sustains the conclusion announced in the *Swope* case. But however this may be, after further consideration, we are satisfied that the legislature never intended that this court should review orders denying temporary injunctions in this manner, and the case cited will no longer be recognized as authority for such a proceeding.

We do not propose to discuss the merits of this application, but we think the case before us demonstrates the dangers that may arise from the indiscriminate exercise of the power to issue such writs. The decision sought to be reviewed is sustained by a clear preponderance of the testimony, there is not even a pretense that the court abused its discretion, and the application is wholly without merit. Notwithstanding this, the relator has tied the hands of one of the municipalities of the state for a considerable length of time, with what resulting damage we do not know. The municipality has no security for the damage sustained—not even for the costs in this court, and we must not lose sight of the fact that both parties to the controversy have rights which the courts must respect.

This court has affirmed and reaffirmed the doctrine that a corporation cannot damage property without first making com-

pensation, and that injunction is the proper remedy to protect the property rights of the citizen. Whether or not the property owner is entitled to an injunction presents solely a question of fact, and ordinarily the superior courts may be relied on to protect the constitutional rights of the citizen until the case reaches this court by appeal. It is true these courts may err and deprive a party of his constitutional rights, but for that matter, so may this court. *Scott v. McNeal*, 5 Wash. 309, 31 Pac. 873, 34 Am. St. 863. This is one of the inherent defects in every judicial system. There is always the possibility of error and consequent wrong and injury, until the conclusive presumption of regularity and righteousness attaches to the final judgment of the court of last resort. But this affords no reason why appellate courts should interpose or interfere until cases come properly before them. There is a growing tendency among attorneys to ask this court, by means of some extraordinary writ, to supervise and control every act of the trial judge from the first step in the cause until the final judgment is entered. Such practice tends to retard, rather than promote, the administration of justice and is not to be commended.

For the reasons stated, the writ was improvidently issued, and the same is accordingly dismissed.

MOUNT, C. J., DUNBAR, ROOT, CROW, HADLEY, and FULLERTON, JJ., concur.