[No. 7958.  Decided April 13, 1909.]

MARIA MASOERO, *Appellant*, v. J. A. CAMPBELL & COMPANY
*et al., Respondents.*[1]

APPEAL—ORDERS APPEALABLE—DENYING TEMPORARY INJUNCTION—
INSOLVENCY.  Under Bal. Code, § 6500, an order denying a temporary
injunction is not appealable unless the court has found the party
against whom it is sought to be insolvent, although the court at-
tempted to fix the amount of a supersedeas bond; nor could the denial
be considered a final determination as to the sufficiency of the com-
plaint where the record fails to show that a demurrer thereto was
passed upon.

Motion to dismiss an appeal from a judgment of the
superior court for King county, Morris, J., entered March
6, 1909, denying plaintiff's application for a temporary re-
straining order.  Appeal dismissed.

*McBurney & Cummings*, for appellant.

*Walter A. Keene* (*Hastings & Stedman*, of counsel), for
respondents.

CHADWICK, J.—It appears that appellant brought an ac-
tion in the court below wherein she sought and obtained a
temporary restraining order, which was set for hearing on
a day fixed by the court.  At the time of hearing, a demurrer
was sustained to her complaint; whereupon she asked and
obtained leave to file an amended complaint.  On February
26, 1909, the minutes of the court show the following pro-
ceedings were had:

"Feb. 26.

"Plaintiff's application for temporary injunction is denied.
Exception allowed.  Supersedeas bond is fixed in the sum of
$1,000."

From the order denying plaintiff's application for a tempo-
rary injunction, an appeal was taken.

Respondents move to dismiss the appeal.  One of the

[1]Reported in 100 Pac. 1024.

grounds urged in support of this motion is that an order denying an application for a temporary injunction is not appealable unless the court has found the party against whom it is sought to be insolvent. That part of Bal. Code, § 6500, referring to this subject is as follows:

"From an order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: *Provided*, That no appeals shall be allowed from any order denying a motion for a temporary injunction, or vacating a temporary injunction unless the judge of the superior court shall have found, upon the hearing, that the party against whom the injunction was sought was insolvent."

Appellant seeks to avoid the force of this statute by suggesting that the order of the court did, also, in effect dissolve the temporary restraining order theretofore issued, and that the order of the court was a determination of the rights of the parties; and for these reasons subd. 3, which we have quoted, is in conflict with subd. 6 of § 6500, which reads as follows:

"From any order affecting a substantial right in a civil action or proceeding, which either (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them;"

and that the latter subdivision must control the former. The record does not show that the court has ever passed upon the demurrer to the amended complaint. We conceive, therefore, that the only question before us is whether or not an appeal will lie from an order denying a temporary injunction, without the finding of insolvency. We are unable to construe the subdivisions of § 6500 quoted as in any way conflicting. Nor do we understand the order of the court to be a final determination of the action. Counsel says:

"Denial of appellant's motion was based entirely upon the sufficiency of the complaint, and what the court in effect did

was to sustain respondents' demurrer. Had the court done so formally, there would be no question in this case as to the appellant's right of appeal from that order. It is our contention, however, that the effect of the court's ruling was to sustain the demurrer of the respondents. For that reason this case falls squarely within the rule laid down by this court in *Peters v. Lewis*, 28 Wash. 366, where the court used the following language:

" 'Respondents move to dismiss the appeal on the alleged ground that this is an appeal from an order denying a temporary injunction, and that under the authority of *Colby v. Spokane*, 12 Wash. 690, 42 Pac. 112, it is not an appealable order, since no finding was made that respondents are insolvent. We think, however, that the appeal should be treated as one from a judgment on an order sustaining a demurrer to the complaint, plaintiff having declined to plead further. It appears from the record that the court determined the whole matter upon what was deemed to be the insufficiency of the complaint, and, since appellant saw fit not to plead further, there was no further hearing open to him in the case, and the judgment became final and appealable. The motion to dismiss the appeal is denied.' "

It will be seen that the appeal in that case was prosecuted from a final judgment, and that the denial of the temporary injunction was a mere incident, a condition not disclosed by the record before us; for, as we have said, the court did not pass upon the sufficiency of the amended complaint. So far as the record shows, the case is still to be determined on its merits. The fact that the court continued the restraining order pending the appeal, and fixed a bond of $1,000, would not affect our conclusion. The restraining order was dissolved as a matter of law at the time of hearing the application for the temporary injunction. (*State ex rel, Miller v. Lichtenberg*, 4 Wash. 407, 30 Pac. 716), and the act of the court in this behalf was in legal effect no more than an attempt to fix a supersedeas. We think this case falls squarely within the well-settled rule of this court, as announced in the following cases: *Colby v. Spokane*, 12 Wash. 690, 42 Pac. 112; *Anderson v. McGregor*, 36 Wash. 124, 78 Pac. 776;

*State ex rel. Young v. Superior Court,* 43 Wash. 34, 85 Pac. 989.

Believing the motion to be well taken for the reasons herein expressed, the appeal is dismissed.

FULLERTON, MOUNT, CROW, DUNBAR, GOSE, and PARKER, JJ., concur.

MORRIS, J., took no part.