[No. 8172.  *En Banc.*  Decided July 17, 1909.]

THE STATE OF WASHINGTON, *on the Relation of P. K. Mohr, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

CERTIORARI—WHEN LIES — DENIAL OF TEMPORARY INJUNCTION— ADEQUATE REMEDY.  Certiorari does not lie to review an order denying a temporary injunction, since it is not reviewable on appeal unless there is a finding that the parties against whom the injunction is sought are insolvent, under Bal. Code, § 6500, subd. 3, and there is an adequate remedy by appeal from the final judgment or by an action at law for damages.

CERTIORARI—WHEN LIES—STRIKING COMPLAINT—ADEQUATE REMEDY BY APPEAL.  Certiorari will not lie to review an order striking an amended complaint, as it is not subject to review except on appeal from the final judgment.

Application filed in the supreme court July 6, 1909, for a writ of certiorari to review an order of the superior court

[1]Reported in 103 Pac. 17.

15—54 WASH.

for King county, Main, J., entered June 22, 1909, denying a temporary injunction; also, to review an order of said court, Ronald, J., entered June 29, 1909, striking an amended complaint, after hearings before the court.    Writ denied.

*Thomas B. McMahon*, for relator.

*Edwin H. Flueck*, for respondents.

RUDKIN, C. J.—This is an original application for a writ of review to review an order of the superior court of King county denying a temporary injunction in an action instituted by the relator against the city of Seattle and others, and also to review an order of that court striking an amended complaint.    There was no finding that the parties against whom the injunction was sought were insolvent, and no appeal from the order denying the temporary injunction would lie to this court, under subdivision 3 of § 6500, Bal. Code (P. C. § 1048).    The relator bases his right to the writ largely upon that ground, but that question was fully considered by this court in *State ex rel. Young v. Superior Court*, 43 Wash. 34, 85 Pac. 989, where an injunction was sought against the city of Columbia.    We there held that an order denying a temporary injunction was not subject to review in this court by appeal or otherwise, except in case of the insolvency of those against whom the injunction was sought. In the course of the opinion we said:

"Why did the legislature deny an appeal, except in cases of insolvency?    It seems to us the reason is obvious.    It was not because the legislature had already provided another method for the review of such orders, nor because it contemplated a different method of review in the future, but because it deemed an appeal from the final judgment, or an action at law for damages, an adequate remedy in such cases.    In other words, it is plain to us that the legislature intended that such orders should not be subject to review in this court in any form, except on appeal from the final judgment.    The power of this court to review interlocutory orders and the method of review are purely statutory, and when it is ap-

parent that the legislature intended that a particular order should not be subject to review here, we are entirely without jurisdiction in the premises."

An order striking an amended complaint is not a final order and is not subject to review in this court, except on appeal from the final judgment.    The writ is therefore denied.

ALL CONCUR.