[No. 10579.   Department One.   August 12, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Rufus C. Coombs et al., Plaintiff,* v. THE SUPERIOR COURT FOR KLICKITAT COUNTY, *Respondent.*[1]

CERTIORARI—WHEN LIES—DENIAL OF TEMPORARY INJUNCTION— REMEDY BY APPEAL.  Certiorari does not lie to review an order denying a temporary injunction, which by statute is not appealable unless there is a finding of insolvency, the legislative intent being that such orders shall not be reviewed except on appeal from the final judgment.

Application filed in the supreme court July 29, 1912, for a writ of certiorari to review an order of the superior court for Klickitat county, McKenney, J., entered July 6, 1912, vacating an emergency restraining order and denying a temporary injunction.  Denied.

*Miller, Crass & Wilkinson* (*W. B. Presby,* of counsel), for plaintiff.

*F. D. Allen, John R. McEwen,* and *W. H. Wilson,* for respondent.

Crow, J.—In pursuance of certain proceedings theretofore had, the city of Goldendale, a municipal corporation of

[1]Reported in 125 Pac. 779.

the fourth class, on May 20, 1912, awarded to J. F. Hill &
Company, a partnership, a contract for the grading and im-
provement of certain streets.    Thereafter Rufus C. Coombs
and wife, owners of property within the assessment district,
commenced an equitable action against the city of Golden-
dale and J. F. Hill & Company, in the superior court of
Klickitat county, to have the contract declared void and to
enjoin the defendants from proceeding with the improve-
ment.    In their complaint they alleged, for reasons which
need not be here stated, that the proceedings upon which the
contract had been awarded were irregular and void.    On
July 1, 1912, upon plaintiffs' *ex parte* application, an emerg-
ency order was made and entered, restraining the defendants
from in any manner proceeding with the work of the improve-
ment until the further order of the court, and commanding
them to appear on July 6, 1912, and show cause why a tem-
porary injunction should not be granted pending the litiga-
tion.    At the time named, the parties appeared, the plain-
tiffs' application was heard, and the trial judge vacated the
emergency restraining order and refused a temporary in-
junction.    The plaintiffs Coombs and wife, as relators, have
applied to this court for a writ of certiorari to review this
order of the superior court, and to obtain an order directing
that a temporary injunction should issue to preserve the
status pending the litigation.

It is conceded that the relators have no appeal from the
order of which they complain, as no finding of the insolvency
of the respondents was made by the trial judge.    Respond-
ents now insist that this court has no authority in this pro-
ceeding to review the order of the trial judge in denying a
temporary injunction.    This contention must be sustained.
The order of the trial judge is not appealable.    If it can be
reviewed at this time by this court by the writ of certiorari,
there is no reason why any order denying a preliminary in-
junction may not be reviewed.    That such an order will not

be thus reviewed we have heretofore held in *State ex rel. Young v. Superior Court*, 43 Wash. 34, 85 Pac. 989, and *State ex rel. Mohr v. Superior Court*, 54 Wash. 225, 103 Pac. 17. In the *Young* case, after citing § 6500, subd. 3, Bal. Code, we said:

"There is no finding of insolvency in this case, and it is conceded that no appeal would lie. *Colby v. Spokane*, 12 Wash. 690, 42 Pac. 112; *Anderson v. McGregor*, 36 Wash. 124, 78 Pac. 776. Why did the legislature deny an appeal, except in cases of insolvency? It seems to us the reason is obvious. It was not because the legislature had already provided another method for the review of such orders, nor because it contemplated a different method of review in the future, but because it deemed an appeal from the final judgment, or an action at law for damages, an adequate remedy in such cases. In other words, it is plain to us that the legislature intended that such orders should not be subject to review in this court in any form, except on appeal from the final judgment. The power of this court to review interlocutory orders and the method of review are purely statutory, and when it is apparent that the legislature intended that a particular order should not be subject to review here, we are entirely without jurisdiction in the premises."

The writ is denied.

MOUNT, ELLIS, GOSE, and PARKER, JJ., concur.