[No. 17173. Department One.  April 29, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Malcolm Douglas, Prosecuting Attorney, Plaintiff,* v. I. STRATINER *et al., Respondents.*[1]

CERTIORARI (14)—CRIMINAL LAW (382)—RIGHT OF STATE TO REVIEW—INTERLOCUTORY ORDERS. Certiorari does not lie to review an order suppressing evidence obtained through a wrongful search, as the same is an interlocutory ruling amounting to nothing more than a rejection of evidence needed by the state.

CERTIORARI (14)—CRIMINAL LAW (382)—RIGHT OF STATE TO REVIEW. Under Rem. Code, § 1716, limiting the right of the state to appeal in criminal cases to orders setting aside the information or arresting judgment for insufficiency of the facts or errors of law not affecting an acquittal on the merits, it was the intent to deprive the state of the right to any other review, whether by appeal or certiorari; hence certiorari will not lie to review an interlocutory order suppressing evidence in a criminal case.

Application filed in the supreme court March 27, 1922, for a writ of certiorari to review an order of the superior court for King county, Brinker, J., entered March 8, 1922, suppressing certain testimony in a criminal prosecution. Denied.

[1]Reported in 206 Pac. 353.

*Malcolm Douglas, Bert C. Ross,* and *Chester A. Batchelor,* for relator.

*John F. Dore* and *J. Kalina,* for respondent.

Bridges, J.—Certain iron piping was stolen from the Crane Company, a corporation. The prosecuting attorney of King county and special deputy sheriffs visited the place of business of I. Stratiner and J. Salzman, junk dealers in Seattle, in an effort to find the stolen property. They found the property in possession of these parties, and later took it away. They also took away with them certain papers found in the junk company's office, which papers, it is contended, tended to implicate the junk dealers. The prosecuting attorney claimed that he made the search for the piping and papers and took them away with him with the consent of the junk dealers. Thereafter an information was sworn out against these men, charging them with the crime of grand larceny (concealing stolen property). When the case was finally called for trial, and before the jury was made up, the defendants presented a motion to the court to the effect that "upon the trial of this cause the plaintiff be prevented from using any of the articles named in the information herein (pipe and papers) as evidence." This motion was supported and opposed by affidavits of the respective parties, showing the manner in which the pipe and papers were acquired by the prosecuting attorney's office. After argument, the court orally announced that "this being a criminal case, the law must be strictly construed against the state and in favor of the defendants, and I think, under these conditions, and from the facts and authorities cited, I will have to grant the motion of the defendants." The court continued the trial of the case for thirty days in order that the state might bring the matter to this court for decision. Thereafter the pros-

ecuting attorney presented to this court his petition for a writ of certiorari, wherein he set out in detail the facts above recited, and others. We issued a writ requiring the court to certify to us all the proceedings in the case. We are here asked to review the facts and determine whether the prosecuting attorney came into possession of the iron pipe and papers in such manner as that they may be used as evidence in the trial of the case. It is contended that we cannot decide the merits of this case because the state cannot secure a review, by means of a writ of certiorari, of the question involved.

Section 1002, Rem. Code (P. C. § 7418), is as follows:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

Subdivision 7 of § 1716, Rem. Code (P. C. § 7290), with reference to appeals, provides:

". . . . . But an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits."

The state contends that the statute does not give it any right of appeal in a case of this character, and that it could not appeal from a ruling of the court during the trial of the case rejecting the evidence here involved; that it will be unable to obtain any conviction

unless it can use this evidence, and that since the state can have no appeal, it comes within the certiorari statute, which permits this court to review on certiorari questions which cannot be reviewed on appeal.

While the ruling of the court was on a motion to suppress testimony, it amounts to nothing more than a ruling that certain testimony, if offered by the state, will be rejected. It amounts to a ruling of the court during the progress of the trial. We are asked to review an interlocutory order. Manifestly, under the broadest interpretation of the appeal or certiorari statutes, no review could be had of such a ruling. If, by this proceeding, we review an order of the court concerning the suppression of testimony, then we see no reason why, by means of similar procedure, we would not be required to review any and all non-appealable adverse orders that the court might make in a criminal case; such, for instance, as an order sustaining a demurrer to the information or indictment, or any ruling concerning the admissibility of testimony. It was never intended, in any kind of a case, that such things should be reviewed either by appeal or by writ of certiorari. We have held that certiorari will not lie to review an order striking an amended complaint. *State ex rel. Mohr v. Superior Court*, 54 Wash. 225, 103 Pac. 17. We will not review by certiorari any interlocutory order. *State ex rel. Langley v. Superior Court*, 73 Wash. 110, 131 Pac. 482; *State ex rel. Ladd & Tilton Bank v. Superior Court*, 117 Wash. 544, 201 Pac. 782.

But there is a still more fundamental reason for refusing to consider the merits of this matter: the appeal statute makes it perfectly plain, it seems to us, that the legislature intended to deprive the state of the power to have reviewed in this court any ruling or error whatsoever of the trial court in a criminal case,

except error in setting aside the indictment or information, or in arresting judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or some other material error in law not affecting an acquittal on the merits. Section 1716, Rem. Code. The right of review by appeal or certiorari is purely statutory. When the legislature gave the state the right of appeal in criminal cases only from certain designated orders or judgments, it effectually denied appeal from any other orders and judgments. To hold that we can review by certiorari what we are prohibited from reviewing by appeal would be merely to circumvent the legislative intent. In some instances we may, by certiorari, review questions which the legislature has failed to authorize us to review by appeal; but we should not have any power to review by certiorari that which the legislature has said shall not be reviewed by appeal. In short, the legislature did not contemplate that we should have power, at the instance of the state, to review such questions as are in this case, either by appeal or certiorari. *State ex rel. Young v. Superior Court,* 43 Wash. 34, 85 Pac. 989; *State ex rel. Mohr v. Superior Court,* 54 Wash. 225, 103 Pac. 17.

The state claims that the case of *State ex rel. Murphy v. Brown,* 83 Wash. 100, 145 Pac. 69, is determinative in its favor of the question we are discussing. We think otherwise. The facts in that case were that one Brown was charged by information with the crime of attempting to corruptly influence an agent. The prosecuting attorney of King county claimed to have caught Brown in the act of committing the crime, and demanded of him the $1,000 which he was about to pay as a bribe, and also any papers in his possession throwing light upon the matter. In this manner the prose-

cuting attorney got possession of the money and papers. After the defendant had plead not guilty, and before the case was called for trial, he moved the court to require the prosecuting attorney to return to him the $1,000 and the papers which had been taken from him. The lower court granted this motion. The state then sued out a writ of certiorari in this court for the purpose of reviewing the action of the lower court. The question which we are discussing, to wit, the power of this court to review the action of the lower court by means of the writ of certiorari, was apparently not raised in that case—in any event, it was not decided. For that reason, if for no other, the case is not controlling here. But there is a distinction between that case and this. Here the motion was to suppress certain evidence, whereas in the *Brown* case the motion was to require the prosecuting attorney, who was an officer of the court, to turn back to the defendant certain property to which he claimed he had a right. While that proceeding grew out of a criminal action, yet the motion was in the nature of a civil proceeding. There the question concerned the right of possession of certain property; here the motion directly concerned the use of such property as evidence. That we so considered the motion in that case is indicated by the following: "As above noted, the superior court granted the motion, which was similar in its nature to that of a motion for judgment on the pleadings in a civil action."

The state also strongly contends that the case of *State ex rel. Brown v. Brinker*, 114 Wash. 47, 194 Pac. 574, supports its position here. The ruling in that case was based entirely on the case of *Seattle v. Pearson*, 15 Wash. 575, 46 Pac. 1053. In the *Pearson* case the facts were these: the defendant was charged with violating an ordinance of the city of Seattle. He demurred

to the information on the ground that the ordinance was void. The justice of the peace sustained his demurrer and discharged him. Thereupon the city sued out a writ of certiorari in the superior court for the purpose of reviewing the action of the justice court. The superior court held the ordinance valid and an appeal was taken from that judgment. In this court Pearson contended that certiorari would not lie in a case of that character. Discussing that question, we said: "We think, under the best authorities, this is not a *quasi* civil action, but that it is either criminal or *quasi* criminal. . . . But . . . . we think it is clear that the writ was properly issued in this case."

In the *Brinker* case, *supra,* the facts were very similar to those in the *Pearson* case. Reviewing that case, we said:

"The general rule is that, in the absence of express statutory authority permitting it, the state, in criminal proceedings, has no right of appeal, nor the right to review of a decision or judgment in a criminal case after final judgment has been rendered in favor of the defendant, whether that judgment has been rendered upon a verdict of acquittal or upon the determination by the court of an issue of law."

We also noted that the statute does not give any right of appeal from a justice court in any criminal proceeding. We, however, limited the use of certiorari in cases of that character, saying:

"For the reason that our statute (certiorari) is, as noted, broader in its scope and operation than that of other states, certiorari is permissible on behalf of the state or municipality to review the actions of the inferior courts, that is, municipal or justices' of the peace courts, where, in criminal proceedings, those courts have discharged persons charged with crime, either by erroneously setting aside the complaint, or in arresting judgment on the ground that the facts

stated in the complaint did not constitute a crime, or by committing some other material error in law not affecting the acquittal of a prisoner on the merits."

We are not disposed to broaden the scope of that opinion. It is plain that its facts are not the same as those here.

The writ is denied.

PARKER, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.