[No. 17311.    Department One.    October 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Willapa Power Company, Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *George D. Abel, Judge, et al., Respondents*.[1]

APPEAL (244)—SUPERSEDEAS—BY SUPREME COURT—INJUNCTION—REMEDY AT LAW. An application to the supreme court for a supersedeas of an order denying a temporary injunction, in the absence of a finding that a city was insolvent, will be denied where it does not sufficiently appear that the city is insolvent or that full compensation for the illegal acts charged could not be had at law.

Certiorari to review an order of the superior court for Pacific county, Abel; J., entered May 17, 1922, denying a temporary injunction, after a hearing before the court. Affirmed.

*Hayden, Langhorne & Metzger,* for appellant.

*John T. Welsh* and *Theo. B. Bruener,* for respondents.

PER CURIAM.—The relator brought an action in the superior court for Pacific county against the city of South Bend to enjoin it from carrying out a threatened violation of a contract it claimed to have and was engaged in carrying out for supplying electric lights for the streets of the city. An emergency restraining order was issued without notice, and thereafter a motion came on for hearing as to whether a temporary injunction should be issued. The court refused to grant a temporary injunction and dissolved the restraining order theretofore issued. At the same time the court refused the request of the plaintiff therein to find that the city was insolvent. Thereupon, at the instance of the relator, the matter has been presented here by writ

[1]Reported in 209 Pac. 704.

of review, by which an order is sought finding the city
to be insolvent, or, in the alternative, "continuing in
effect the temporary supersedeas heretofore issued by
the court and requiring the respondents to desist from
any further proceeding until the further order of this
court, to be made after a hearing upon the merits in
the superior court and the determination of the case
upon appeal."

Upon the record, which shows the pleadings in the
trial court, consisting of the complaint, answer and
reply, and also a stenographic report of the proceed-
ings had on the return day of the show cause order,
we are satisfied the court was right in refusing to find
the city to be insolvent.

There being no right of appeal by statute, § 1716,
subd. 3, Rem. Compiled Stat., from an order deny-
ing a temporary injunction, in the absence of an affirm-
ative finding that the defendant is insolvent, relator
appeals to the inherent powers of this court as a court
of equity for the right of a supersedeas during further
litigation on the merits.   On former occasions that
power has been appealed to and sometimes the relief
has been granted, while at others it has been denied.
It has been made clear in all of our cases on the subject,
however, that the power will be exercised with caution
and that the granting of a supersedeas is a matter of
discretion.   In the present case the pleadings for the
trial of the case on its merits present a number of
important issues of both law and fact, and while our
present conclusion shall be taken in no way as pre-
judging the case upon its merits, we do not feel justi-
fied upon a full consideration of the record to grant the
relief prayed for.   We are not sufficiently satisfied that
any substantial right of the relator would be injured
by the refusal of the supersedeas.   The situation is

similar in principle to what it is in the case of a denial by a trial court of an injunction during suit, of which this court said in *Colby v. Spokane,* 12 Wash. 690, 42 Pac. 112: "It was not made to appear that the defendant, the city of Spokane, was insolvent, or that full compensation for the illegal acts charged could not be had in an action at law."

The order of the trial court is affirmed, supersedeas denied, and the writ heretofore issued set aside.