[No. 18479.   *En Banc.*   February 18, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Bear Lake Logging Company, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Ralph C. Bell, Judge, et al., Respondents.*[1]

CERTIORARI (3, 4)—WHEN LIES—REMEDY BY APPEAL—ORDER DENYING TEMPORARY INJUNCTION.   Under Rem. Comp. Stat., §§ 1001 and 1002, authorizing a writ of certiorari when a tribunal is acting without or in excess of its jurisdiction and there is no remedy by appeal, certiorari does not lie to review the denial of a temporary injunction, in the absence of a finding of the insolvency of the defendant; the remedy being by appeal from the final judgment.

Certiorari to review an order of the superior court for Snohomish county, Bell, J., denying a temporary injunction.   Dismissed.

*Cooley, Horan & Mulvihill,* for plaintiff.

*C. T. Roscoe* and *O. Duncan Anderson,* for respondent.

TOLMAN, J.—The relator is seeking in this court a writ of certiorari to review an order of the superior court of Snohomish county in its cause No. 21888, denying a temporary injunction.   It appears that the county commissioners of Snohomish county heretofore entered an order closing certain roads in that county, the material part of that order being as follows:

"WHEREAS, it appears to the board of county commissioners of Snohomish county that the condition of the county roads of said county hereinafter named is such that their continued use by heavy vehicles will greatly damage such roads,

"Now, therefore, be it resolved, that the following named county roads be and the same shall be closed to

[1] Reported in 223 Pac. 1.

travel by all lumber trucks, logging trucks, freight trucks, of any name or description, including all motor trucks hauling logs, lumber, freight, poles, piles, wood or shingle bolts between the 18th day of December, 1923, and the 1st day of April, 1924.''

The county commissioners adopted this order by virtue of the authority delegated to them by chapter 21, of the Laws of 1921, p. 87, § 1, of which reads as follows:

''Whenever the condition of any city or town street, state or county road, either newly constructed, repaired or improved or of prior construction, or any part thereof, is such that its use or continued use by vehicles will greatly damage such road, the State Highway Commissioner, if it be a state road, or the Board of County Commissioners, if it be a county road, or the governing body of a city or town if it be a city or town street, is authorized to close such road to travel by all vehicles or to any class of vehicles, for such period as they shall determine.'' [Rem. Comp. Stat., § 6839.]

Following the going into effect of the order referred to, relator, as plaintiff, brought an action in the superior court of Washington for Snohomish county, against the three county commissioners and the sheriff of that county, and upon filing its complaint procured a temporary restraining order returnable after three days' notice, at which time the defendants were required to show cause why a temporary injunction *pendente lite* should not issue. In its complaint in that case the relator also asks for a permanent injunction after final hearing, and for a judgment for damages against the defendants therein, and each of them, in the sum of $5,000, together with costs and disbursements. At the time designated, a hearing was had upon affidavits, resulting in an order by the trial court sustaining the constitutionality of the legislative act, and the order of the county commissioners based

thereon, and ordering and adjudging "that the application of the plaintiff for a temporary injunction be and the same is hereby denied and the restraining order heretofore issued dissolved and set aside.

"It is further ordered and adjudged that the request and motion of plaintiff for a finding that the defendants, or some of them, are insolvent will be denied for the reason that it appears and is conceded that each defendant is a public officer and it appearing that each defendant is liable if at all to plaintiff in any cause of action arising out of the making and enforcement of the order and law in question in this case, only as a public officer and it appears that each defendant has filed that official bond which the legislature has required of such one as an assurance of responsibility to anyone who shall have cause of action or recover a judgment against him in his official capacity, and therefore such defendants are not insolvent within the meaning of law as to the plaintiff herein."

The respondents have not raised the question of the right of the relator to a writ to review the action of the trial court; but in the interests of consistency, and in order that the practice may remain settled and certain, the court of its own motion has examined into that question.

The issuance of a writ of certiorari or writ of review is provided for in §§ 1001 *et seq.,* Rem. Comp. Stat., [P. C. § 7417].

Section 1002 [P. C. § 7418], reads:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

But that does not mean that in every case where no appeal will lie under the statute that the writ will be issued.   The whole subject is discussed and considered in *State ex rel. Lilly Co. v. Brawley,* 104 Wash. 374, 176 Pac. 337, and in that case it was pointed out that by statute the right of appeal from an order granting or denying a motion for a temporary injunction does not exist unless there be a finding by the judge of the trial court that the party against whom the injunction was sought was insolvent, and that the legislature, by the enactment of this statute, as has been uniformly held by this court, has declared that such orders shall be reviewed only on appeal from the final judgment. *State ex rel. Young v. Superior Court,* 43 Wash. 34, 85 Pac. 989; *State ex rel. Mohr v. Superior Court,* 54 Wash. 225, 103 Pac. 17; *State ex rel. Coombs v. Superior Court,* 69 Wash. 439, 125 Pac. 779.   This being the recognized and settled practice in this court, in our judgment the rights of litigants will best be protected by consistently conforming to it.

The writ will therefore be discharged and dismissed, and relator will be relegated to the regular course of reviewing the order complained of only on appeal from the final judgment, which may be entered in the superior court.

MAIN, C. J., PARKER, HOLCOMB, MACKINTOSH, BRIDGES, and PEMBERTON, JJ., concur.