[No. 21391. Department Two. January 3, 1929.]

THE STATE OF WASHINGTON, *Appellant*, v. HILDA
JOHNSON, *Respondent*.[1]

*Chas. W. Greenough* and *Louis F. Bunge,* for appellant.

*Davis, Heil & Davis,* for respondent.

MAIN, J.—Hilda Johnson and Matt Johnson were charged by an information, which contained ten counts, with the crime of grand larceny.

After the information was filed, the defendants made a motion to suppress certain evidence. This motion was sustained, and an order entered, suppressing

[1]Reported in 273 Pac. 532.

the evidence. The defendants also moved to quash the information, which was sustained.

Thereafter, and on December 14, 1927, a new information was filed, charging Hilda Johnson alone, which was substantially the same as the prior information. March 7, 1928, the defendant named in the second information moved for the dismissal of the action, because the same had not been brought on for trial within sixty days after the information was filed.

After this motion, the deputy prosecuting attorney filed an affidavit in which he recited that, on October 6, 1927, an order had been entered, suppressing evidence which was referred to in the various counts of the information, and concluded ''that the effect of said order was to abate and determine said action and discontinue the same.''

March 10, 1928, an order was entered, dismissing the action because more than sixty days had elapsed since the filing of the second information. The state appealed from the order ''dismissing said action.''

Upon the appeal, the state seeks to have reviewed the order suppressing the evidence, and the question is whether that order can be reviewed upon an appeal from a judgment dismissing the action because more than sixty days had elapsed after the filing of the information. Section 7 of ch. 150 of the Laws of 1925, Ex. Ses., p. 423; Rem. 1927 Sup., § 2183-1, provides that:

''The state may have a right of appeal to the supreme court, upon giving the same notice as is required of other parties, when the error complained of is based on the following: . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by an acquittal of the defendant by a jury: . . .''

It will be noticed that by this statute the state is given the right to appeal from an order which in ef-

fect abates or determines the action or discontinues the same. It requires no argument to show that the order dismissing the action because the case was not brought on for trial within sixty days after the filing of the information abated and discontinued the same.

The question then arises whether an appeal from this order brings up for review the prior order suppressing the evidence. Section 1716, Rem. Comp. Stat., in part provides that an appeal from an order which affects a substantial right shall bring up for review "any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from."

The order suppressing the evidence did not necessarily affect the judgment of dismissal from which the appeal was taken. In fact, there is no substantial connection between a judgment dismissing the action because the case was not brought on for trial within sixty days, as required by Rem. Comp. Stat., § 2312, and an order, entered approximately five months before, suppressing evidence. The appeal from the order of dismissal did not, therefore, bring up for review the order suppressing the evidence.

The affidavit of the deputy prosecuting attorney, as above indicated, recites that the order suppressing the evidence in effect abated and discontinued the action. If that be true, then that order should have been appealed from. However, it was not an appealable order. *State v. Studer*, 149 Wash. 210, 270 Pac. 430.

An order suppressing evidence amounts to nothing more than a ruling that if certain testimony be offered by the state it will be rejected. It amounts to the same thing as a ruling of the court during the progress of the trial. *State ex rel. Douglas v. Stratiner*, 119 Wash. 667, 206 Pac. 353; *United States v. Marquette*, 270 Fed. 214.

Upon this appeal there is nothing before us except the order of dismissal because the action was not brought on for trial within sixty days after the filing of the information, and as appears from the facts above stated, about which there is no controversy, that order was properly entered.

The judgment will be affirmed.

FULLERTON, C. J., PARKER, and FRENCH, JJ., concur.