[No. 4302.    Decided September 15, 1902.]

A. R. JOHNSON *et al., Appellants,* v. CITY OF SPOKANE, *Respondent.*

APPEAL — ERRORS ASSIGNED — INSUFFICIENCY OF RECORD FOR REVIEW.
    Where a judgment of nonsuit recites that is is based upon the pleadings and on the opening statement of counsel for plaintiffs, an appeal will be dismissed where the record does not contain such opening statement, for the reason that, because of its absence, the supreme court would be unable to pass intelligently upon the error alleged in granting the nonsuit.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.    Appeal dismissed.

*Johnson & Girand* and *Robertson, Miller & Rosenhaupt,* for appellants.

*Voorhees & Voorhees, F. M. Dudley* and *John P. Judson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent interposed a motion to strike statement of facts, dismiss the appeal, and affirm the judgment, for the reason that the statement of facts does not

contain the opening statement of counsel for the plaintiffs, and the facts and grounds upon which the superior court entered judgment in said cause do not appear in the record or statement of facts. After the empanelling of the jury and calling of witness for the plaintiffs, the defendant objected to the introduction of any evidence and asked judgment upon the following grounds:

"That the complaint does not state facts sufficient to constitute a cause of action; and that upon the pleadings we are entitled to judgment; that the allegations of the reply show a variance and departure from the allegations of the complaint; and that we are entitled to judgment upon the opening statement of counsel for plaintiffs. We challenge the plaintiff's entire opening statement as to the sufficiency of any claim for damages, and ask for a dismissal of the jury and that judgment be entered."

This motion was granted by the court, and the judgment entered as follows:

"The above entitled cause having, on the 15th day of June, 1901, come on regularly for hearing before the court and a jury duly empanelled and sworn, and the court having heretofore sustained a challenge to the legal sufficiency of the evidence disclosed to said jury by the opening statement of counsel for plaintiffs, and having sustained an objection to the introduction of any evidence by plaintiffs for the reason that the defendant is entitled to judgment on the pleadings and on the opening statement of counsel for plaintiffs, and having heretofore on said 15th day of June, 1901, discharged said jury from the further consideration of the cause and ordered that judgment be entered herein in favor of defendant city for the dismissal of said action, it is therefore ordered, adjudged and decreed that the above entitled action be and the same is hereby dismissed."

It is insisted by the respondent and appears from the record that the objection and challenge which were sus-

tained were based not alone upon the pleadings, but upon the pleadings and opening statement of counsel for plaintiffs. And, in the absence from the record of the opening statement upon which the court acted, this court would not be justified in reversing the cause. It is the common practice in jurisdictions where the court has power to order a nonsuit to direct a nonsuit if the opening statement of counsel discloses no cause of action. 1 Thompson, Trials, § 269; *Lindley v. Atchison, T. & S. F. R. R. Co.*, 47 Kan. 432 (28 Pac. 201), and many other cases cited to sustain this doctrine. It is said by counsel for appellants in this case that in the case last above cited the opening statement of the plaintiff showed that the plaintiff had been guilty of contributory negligence, thereby conceding a defense that would preclude his recovery. So far as this court knows, the counsel for the plaintiffs in this case may have made a statement which would have been a defense to the action and precluded a recovery, and that is the very reason why the opening statement should have been brought here, so that the court could determine that fact. All presumptions are in favor of the judgment; hence we cannot conclude that the court erred in dismissing the cause upon the statement of counsel, without the opportunity of investigating that question. It is insisted by counsel that the case was dismissed by the court for the reason that the complaint was insufficient, and that the court so adjudged it, and therefore it was not necessary for him to determine or consider the sufficiency of any opening statement. But such is not the language of the judgment. It is that the defendant was entitled to judgment on the pleadings and on the opening statement of counsel for plaintiffs. This evidently means that, in the opinion of the judge, the pleadings, construed in connection with the opening statement, or as construed in the light of the opening statement, pre-

clude a recovery. The court could not have acted upon the pleadings alone; for the record shows that a demurrer was interposed to the sufficiency of the complaint, which was overruled by the court, and the defendant called upon to answer, and that it did answer. It might appear from the complaint in this case that the court erred in holding that the complaint was insufficient, and yet the rulings in dismissing the action might have been right, in consideration of what was said in the opening statement; and, if the opening statement precludes a recovery, we would not be justified in reversing the judgment of the court.

Sufficient of the record not having been presented to this court to enable it to pass intelligently upon the errors alleged, the motion to dismiss will be sustained.

REAVIS, C. J., and WHITE, ANDERS, FULLERTON, HADLEY and MOUNT, JJ., concur.