[No. 4534. Decided March 14, 1903.]

JOSHUA PIERCE et al., Appellants, v. ANGELO V. FAWCETT, Respondent.

APPEAL — NECESSITY FOR STATEMENT OF FACTS — QUESTIONS PRESENTED BY RECORD.

An appeal will be dismissed because of the absence of a statement of facts, although the appellant seeks only the review of a question of law on the pleadings as to whether the action appeared therefrom to have been commenced in time, where the judgment of the court recites that the decision was based on other matters before the court as well as upon the application of the statute of limitations to the facts pleaded.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge.   Appeal dismissed.

*Stiles & Doolittle,* for appellants.

*John C. Stallcup,* for respondent.

PER CURIAM.—This is an action brought to recover upon a covenant of warranty, it being alleged that the grantors had no title to the tide land conveyed.   The judgment was for respondent.

The respondent moves to dismiss the appeal herein for the reason that no statement of facts has been made or preserved, showing the evidence or any part thereof, and that the findings of fact justify the judgment of the court.   It is contended by the appellants that no statement of facts is necessary, in that it is purely a question of law which is raised by this appeal, viz,. the question of when the statute of limitations began to run.   If this were true, as shown by the record, of course, no statement would be necessary; but, considering the pleadings and the findings of fact in this case, we do not feel warranted, in the absence of a statement of facts, in disturbing the judgment.   The answer denies that the plaintiffs, their predecessors or grantors, were ever ousted or ejected from the premises, or any portion thereof, by the state of Washington or any one else, and alleges that the state of Washington has never asserted any claim against them, or their right and title in and to said premises; that defendant purchased from the state of Washington all right, title, claim and interest of said state in and to the said premises in the complaint described, and thereby protected the said plaintiffs against all claims of right, title, or interest in said premises, and tendered to the plaintiffs the benefit of said title.   The court found, in addition to the finding that the action had not been commenced

in time, that in open court, upon the argument of the cause, the counsel for plaintiffs announced that plaintiffs were satisfied that they were not entitled to a rescission of the contract of sale created by said deed; that at the date of the execution and delivery of said deed, the title to the tide and overflow lands described in the complaint was in the United States of America, and that the constructive possession of the premises was in the United States at the time of the execution and delivery of the deed; that the defendant, Angelo V. Fawcett, did, subsequent to the commencement of this action, by contract, purchase from the state of Washington its claim of right in and to said land, and has made all the payments therefor in full; that no demand had ever been made upon plaintiffs or their grantors for any disclaimer or surrender of said premises, or any part thereof—and concludes as follows: "That for these and other reasons apparent, the said Angelo V. Fawcett is entitled to a judgment of dismissal, and for his costs and disbursements herein."

Considering the many questions raised in the pleadings in this case, and that the judgment of the court might have been warranted, even conceding that it erred in relation to the single question of the statute of limitations, we think that we would not be justified in disturbing the judgment, and that this case falls within the rule announced in *Johnson v. Spokane,* 29 Wash. 730 (70 Pac. 122). In that case the finding of the court was as follows:

"The above entitled cause having on the 15th day of June, 1901, come on regularly for hearing before the court and a jury duly impaneled and sworn, and the court having heretofore sustained a challenge to the legal sufficiency of the evidence disclosed to said jury by the opening statement of counsel for plaintiffs, and having sustained an objection to the introduction of any evidence by plaintiffs

for the reason that the defendant is entitled to judgment on the pleadings and on the opening statement of counsel for plaintiffs, . . . it is therefore ordered . . . that the above entitled action be, and the same is hereby, dismissed."

It was there held that, in the absence from the record of the opening statement upon which the court acted, this court would not be justified in reversing the cause; that all presumptions were in favor of the judgment; and that hence we could not conclude that the court erred in dismissing the cause upon the statement of counsel, without the opportunity of investigating that question, the record not having brought up the statement of the counsel in question. And so here, this court not being advised of what the reasons were that were apparent to the court why the defendant was entitled to judgment of dismissal, it is impossible to review them, and, in the absence of the record showing the contrary, the conclusion must be that they were good and sufficient reasons.

The motion will be sustained, and the cause dismissed.