[No. 4876.    Decided December 29, 1903.]

JENNIE M. DIBBLE, *Appellant,* v. SEATTLE ELECTRIC
COMPANY, *Respondent.*[1]

APPEAL—RECORD—NECESSITY OF STATEMENT OF FACTS—JUDG-
MENT WITHDRAWING CASE FROM JURY—PRESUMPTIONS IN FAVOR OF—
ACCEPTANCE OF MONEY PAID IN SETTLEMENT OF CLAIM.   Upon ap-
peal from a judgment of dismissal of an action for personal in-
juries, which recites a trial and the introduction of evidence, and
the withdrawal of the case from the jury solely upon the ground
that plaintiff had ratified a release by the use of money claimed
to have been paid in settlement, in the absence of a statement of
facts bringing up the evidence on which such decision was made,
the appeal will be dismissed, since all presumptions are made
in favor of the judgment.

Appeal from a judgment of the superior court for King
county, Bell, J., entered May 11, 1903, dismissing an
action for personal injuries to a passenger upon a street
car, upon withdrawing the case from the jury at the close
of the testimony.   Appeal dismissed and judgment af-
firmed.

*L. H. Wheeler, N. S. Peterson,* and *J. J. McCafferty,*
for appellant.

*Struve, Hughes & McMicken,* for respondent.

MOUNT, J.—This was an action for damages on account
of personal injuries.   The complaint is in the usual form,
claiming damages on account of negligence of the defend-
ant.   The answer, after denying the allegations of negli-
gence and damages, sets up (1) contributory negligence
on the part of the plaintiff and (2) a settlement between
the parties and a release by plaintiff of all claims for dam-
ages arising out of the injuries.   A reply denied the alle-

[1]Reported in 74 Pac. 807.

gations of the first affirmative defense, and alleged that the release pleaded by defendant was procured through fraud and deceit. Upon the trial, at the close of the testimony on behalf of both parties, the respondent moved the court to withdraw the case from the jury, and enter judgment in its favor. This motion was granted, and subsequently the following judgment was entered, omitting the formal parts:

"This action coming regularly on for trial on the 7th day of February, 1902, the plaintiff appearing in person and by her attorneys of record, and the defendant appearing by its attorneys, and said trial having been continued from day to day, and on the 17th day of February, 1902, the evidence on behalf of both the parties having been closed, and the parties having rested, and thereupon the defendant having moved the court to withdraw the case from the jury and direct judgment in favor of the defendant; and it appearing to the court that, in respect to the damages for personal injuries claimed by the plaintiff, and in respect to the cause of said injury and as to whether such injury to plaintiff was caused by the negligence of the defendant, there was a conflict in the evidence; and it further appearing to the court that, in respect to the condition and capacity of the plaintiff to enter into settlement of such demand at the time the same was claimed to have been made, and in respect to whether false representations were made by defendant to induce plaintiff to accept $500 as such settlement, there was a conflict in the evidence; and it further appearing to the court by the evidence that, after the commencement of this action and after the filing of the plaintiff's reply, the the plaintiff had made use of a portion of the money claimed to have been paid her in such settlement, which in the opinion of the court was a ratification of the release, and for that reason it appearing to the court that said cause should be withdrawn from the jury, and judgment directed in favor of the defendant; and thereupon, for said reasons solely, said cause was by order of the court withdrawn from the jury, and judgment directed in favor of the de-

fendant, to all of which plaintiff excepted and her exception
was allowed; and the motion of the plaintiff for a new trial
having been duly argued and submitted to the court, and on
the 7th day of May, 1903, the court, by its order duly made
and entered herein, having overruled and denied said mo-
tion for the reasons above specified, and upon said reasons
solely, and the plaintiff having excepted to said order and
her exceptions having been allowed; now, by reason of the
law and the facts, and the court being fully advised in the
premises, it is considered, ordered, and adjudged by the
court that judgment be and is hereby entered in this cause
in favor of the defendant and against the plaintiff, and that
this action be and the same hereby is finally dismissed, and
that the defendant, the Seattle Electric Company, a cor-
poration, do have and recover of and from the plaintiff,
Jennie M. Dibble, its costs and disbursements in this ac-
tion, to be taxed at $——, and that execution issue there-
for. Plaintiff excepts and her exception is allowed. Done
in open court this 11th day of May, A. D. 1903."

Plaintiff appeals from this judgment.

No statement of facts is brought here, and respondent
now moves to dismiss the appeal. This motion must be
granted. The judgment recites that "after the commence-
ment of the action and after the filing of plaintiff's reply,
the plaintiff had made use of a portion of the money claimed
to have been paid her in such settlement, which in the
opinion of the court was a ratification of the release, and
for that reason it appearing to the court that said cause
should be withdrawn from the jury, and judgment directed
in favor of the defendant; and thereupon, for said reasons
solely, said cause was by order of the court withdrawn
from the jury, and judgment directed in favor of the de-
fendant." Without the facts which were before the trial
court upon this question, this court cannot find that the
decision of the trial court was error. The facts upon
which this decision was based were apparently not dis-

puted. All presumptions are in favor of the judgment. *Johnson v. Spokane,* 29 Wash. 730, 70 Pac. 122; *Pierce v. Fawcett,* 31 Wash. 271, 70 Pac. 1011; *Schlotfeldt v. Bull,* 22 Wash. 362, 60 Pac. 1126.

The motion is therefore sustained, and the judgment is affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.