[No. 5155. Decided December 7, 1904.]

W. E. ANDERSON, *Appellant,* v. HENRY J. McGREGOR *et al., Respondents.*[1]

APPEAL—APPEALABLE ORDERS—INJUNCTION—DISSOLUTION—FINDING OF INSOLVENCY. An order dissolving a temporary injunction is not appealable, under Pierce's Code, §1048, unless the court has found that the party enjoined was insolvent, as such finding is jurisdictional to the appeal.

APPEAL—REVIEW—STATEMENT OF FACTS — AFFIDAVITS — HOW BROUGHT UP. Upon an appeal from a judgment dissolving a temporary injunction, based upon the complaint and the evidence in the form of affidavits submitted, there can be no reversal where the affidavits are not brought up in a bill of exceptions or statement of facts, and the appeal will be dismissed on motion.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered October 13, 1903, upon a motion to dissolve a temporary injunction. Appeal dismissed.

*H. E. Foster,* for appellant.

*J. W. A. Nichols,* for respondents.

DUNBAR, J.—This action was brought October 3, 1903, by the appellant against the respondents, the object being to obtain a permanent injunction against the respond-

[1]Reported in 78 Pac. 776.

ents, restraining them from a further commission of the acts complained of. A temporary injunction was issued by the court, which was afterwards, on motion of the respondents, dissolved. From the judgment dissolving the injunction, this appeal is taken.

The respondents move to dismiss the appeal, for the reason that it does not appear that the superior court found upon the hearing that the party against whom the injunction was sought was insolvent. Section 1048 of Pierce's Code provides that, "any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any or every of the following determinations, and no others, made by the superior court, or a judge thereof, in any action or proceeding." Subdivisions 1 and 2 describe certain judgments or orders, and subdivision 3 is as follows:

"From an order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: Provided, That no appeal shall be allowed from any order denying a motion for a temporary injunction or vacating a temporary injunction unless the judge of the superior court shall have found upon the hearing, that the party against whom the injunction was sought was insolvent."

And it is contended that a finding of insolvency is jurisdictional to an appeal from such order, and must affirmatively appear, and we are inclined to think, from the provisions of the statute, that this contention is correct.

It is also insisted that the appeal should be dismissed for the reason that the entire judgment appealed from is based, as appears from the judgment itself, upon the pleadings and evidence submitted in the form of affidavits filed. The record shows this to be the case. These affidavits are not made a part of the record in this case,

either by bill of exceptions or statement of facts, and, while this objection might more appropriately be raised on the merits of the case than on a motion to dismiss, it is, in any event, fatal to the appellant's right to have the judgment of the lower court reversed in this court. This question has been discussed and decided adversely to appellant's contention in *Johnson v. Spokane,* 29 Wash. 730, 70 Pac. 122. and *Pierce v. Fawcett,* 31 Wash. 271, 71 Pac. 1011.

The motion to dismiss the appeal is sustained.

FULLERTON, C. J., and MOUNT, ANDERS, and HADLEY, JJ., concur.