[No. 5487. Decided September 13, 1905]

J. H. HANNON, *Respondent*, v. F. STANLEY MILLICHAMP, *Appellant.*[1]

APPEAL—RECORD—INSUFFICIENCY—ORDER BASED IN PART ON AFFI-
DAVITS NOT BROUGHT UP IN STATEMENT OF FACTS—REVIEW. An ap-
peal from an order appointing a temporary receiver, which recites
that it is based upon the complaint and affidavits, will be dismissed
if the affidavits are not brought up by a bill of exceptions or state-
ment of facts, since it will be presumed that the affidavits warrant
the order appealed from; and if the appellant prefers, the order will
be affirmed.

Appeal from an order of the superior court for Spokane
county, Kennan, J., entered October 1, 1904, after a hear-
ing on affidavits, appointing a temporary receiver upon the
application of the plaintiff. Affirmed.

*O. C. Moore* and *B. O. Graham,* for appellant.

*Fred C. Pugh (Barnhart, Laughon & Pugh,* of counsel),
for respondent.

DUNBAR, J.—This appeal is from an order appointing a
temporary receiver. The respondent moves to dismiss the
appeal, and for an order affirming the judgment of the trial
court, because it appears from the record that the order
appealed from was made after a hearing upon the merits
of the application, at which time the court considered the
complaint and various affidavits of the respective parties;
and because the affidavits referred to in the order are not
in the record by a bill of exceptions or statement of facts.
The recital of the judgment in this particular is as follows:

"This cause having been duly continued from September
26th to September 29th, 1904, at 9:30 o'clock, a. m., and
from September 30th at 1:30 o'clock, came regularly on
for hearing on said date on plaintiff's application for a

1Reported in 82 Pac. 168.

receiver pending the litigation, and after hearing the complaint, motion, and various affidavits of the respective parties, and the argument of counsel, and it appearing to the court that a partnership exists between plaintiff and defendant, and that an emergency exists for the appointment of a receiver for the property of said partnership described in the complaint, in order to prevent said property from being lost, removed, or materially injured, and to secure ample justice to the parties, it is ordered," etc.

It was decided by this court, in *Anderson v. McGregor,* 36 Wash. 124, 78 Pac. 776, that, where a judgment is based on the pleadings and evidence submitted in the form of affidavits filed, the failure to make the affidavits part of the record by bill of exceptions or statement of facts is fatal to a review of the judgment on appeal. In that case it was said:

"It is also insisted that the appeal should be dismissed for the reason that the entire judgment appealed from is based, as appears from the judgment itself, upon the pleadings and evidence submitted in the form of affidavits filed. The record shows this to be the case. These affidavits are not made a part of the record in this case, either by bill of exceptions or statement of facts, and, while this objection might more appropriately be raised on the merits of the case than on a motion to dismiss, it is, in any event, fatal to the appellant's right to have the judgment of the lower court reversed in this court."

In *Johnson v. Spokane,* 29 Wash. 730, 70 Pac. 122, it was held that, where a judgment of nonsuit recites that it is based on pleadings and the opening statement of counsel for plaintiff, the appeal will be dismissed where the record does not contain such opening statement, the court in its opinion in that case saying:

"So far as this court knows, the counsel for the plaintiffs in this case may have made a statement which would have been a defense to the action and precluded a recovery, and that is the very reason why the opening statement should have been brought here, so that the court could determine that

fact. All presumptions are in favor of the judgment; hence we cannot conclude that the court erred in dismissing the cause upon the statement of counsel, without the opportunity of investigating that question. It is insisted by counsel that the case was dismissed by the court for the reason that the complaint was insufficient, and that the court so adjudged it, and therefore it was not necessary for him to determine or consider the sufficiency of any opening statement. But such is not the language of the judgment. It is that the defendant was entitled to judgment on the pleadings and on the opening statement of counsel for plaintiffs. This evidently means that, in the opinion of the judge, the pleadings, construed in connection with the opening statement, or as construed in the light of the opening statement, preclude a recovery."

And so it may be gathered from the record in this case that the court was constrained to appoint a temporary receiver by reason of the allegations of the complaint, supplemented by matters which appeared in the affidavits, and the affidavits not being brought here, the court will not presume that they were not in aid of the judgment. The same proposition was discussed in *Pierce v. Fawcett,* 31 Wash. 271, 71 Pac. 1011, where it was held that an appeal would be dismissed because of the absence of a statement of facts, although the appellant sought only the review of a question of law on the pleadings as to whether the action appeared therefrom to have been commenced in time, where the judgment of the court recites that the decision was based on other matters before the court as well as upon the application of the statute of limitations to the facts pleaded. The record upon which the court acted not being here, and all presumptions being in favor of the validity of the judgment, the same will not be disturbed.

It is contended by the appellant in his reply brief that, in any event, the motion should not prevail; but that, if the court finds upon an examination of the whole record that the judgment should not be disturbed by reason of the

failure of the appellant to present to this court the record upon which the court below acted, the judgment of the court should be affirmed. It seems to us to make no difference in the result of the case whether the judgment is affirmed or the appeal dismissed, but inasmuch as the appellant prefers to have the case disposed of by an affirmance rather than by the motion to dismiss, the judgment of this court will be that the judgment of the lower court be affirmed.

MOUNT, C. J., HADLEY, and ROOT, JJ., concur.

FULLERTON, J., concurs in the result.