[No. 14129. *En Banc.* July 13, 1918.]

MILDRED M. MESSICK, *Respondent,* v. NATIONAL COUNCIL OF THE KNIGHTS & LADIES OF SECURITY, *Appellant.*[1]

APPEAL—STATEMENT OF FACTS—STRIKING. A statement of facts, filed out of time without proper notice of application for extension of time, is properly struck out.

PLEADING—BILL OF PARTICULARS—COPIES IN POSSESSION OF DEFENDANT. Defendant's demand for bill of particulars furnishing a copy of by-laws and proof of death in possession of the defendant is properly refused.

INSURANCE—MUTUAL BENEFIT INSURANCE—PLEADING—COMPLAINT. In an action upon a benefit certificate, the complaint is sufficient where it alleges its issuance, that it remained in full force until the death of the insured, that plaintiff was the beneficiary and had made due proofs and demanded payment, although it did not allege full compliance with all conditions.

APPEAL—REVIEW—PLEADINGS—AMENDMENTS. After trial on the merits under a defective complaint, capable of amendment, all amendments will, on appeal, be considered as made, as required by Rem. Code, § 1752, which is a later statute and controls Id., § 263, providing that objection that the complaint fails to state a cause of action may be made at any time.

[1]Reported in 173 Pac. 940.

APPEAL—PRESUMPTIONS—PLEADINGS—DISCRETION. The denial of a motion to make a reply more definite and certain must be presumed to be without prejudice, in the absence of any showing of abuse of discretion, surprise, or anything preventing the presentation of a defense.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 29, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a benefit certificate. Affirmed.

*Thos. H. Bain,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

FULLERTON, J.—The appellant, a fraternal benefit society, issued a benefit certificate to one Jay T. Messick for $1,000, payable upon his death to his daughter, the respondent. After the death of Messick, the appellant declined to pay upon the certificate, and this action was brought to recover thereon. On appearing in response to the complaint, the appellant demanded a bill of particulars, which was granted in part and refused in part. The appellant then filed a general demurrer to the complaint, which the trial court overruled. It then answered, putting in issue by denials certain of the traversable allegations of the complaint and setting up affirmative matter. To the answer, the respondent replied by denials and by affirmative matter in avoidance. The appellant moved that the reply be made more definite and certain, which motion the trial court overruled. The cause was then tried by the court sitting with a jury, and verdict returned for the respondent. This appeal is from a judgment entered on the verdict.

On taking the appeal, the appellant sought to bring up with the record a statement of facts. Prior to the hearing in this court on the merits, this statement was

stricken on the motion of the respondent. Subsequent thereto the appellant was permitted to review the order striking the statement by a motion to reinstate it, which, upon a hearing, was denied by the court. The appellant again asks that the question be reviewed, but we find nothing new presented justifying such a course. The statement was stricken for want of proper notice to the respondent of an application for an extension of time in which to file the statement in the trial court, and to grant the application now made would not only be to review a question twice decided, but would be to deny to the respondent rights guaranteed him by the statute.

The statement of facts being stricken, the questions open for consideration relate wholly to the rulings of the court upon the demurrer and the preliminary motions of the appellant.

The first of the preliminary proceedings of which complaint is made is the refusal of the court to require the respondent to furnish a bill of particulars to the extent demanded by the appellant. The demand was for a copy of the certificate upon which the action was based, a copy of the by-laws of the appellant society, and a copy of the proofs of death. The court required a copy of the certificate to be furnished, but denied the motion as to the by-laws and the proofs of death. In this there was no error. A party is not required to furnish by a bill of particulars facts already in the possession of his adversary, nor is he required to furnish by that means copies of instruments as accessible to his adversary as they are to him. Certainly the appellant had possession and access to its own by-laws, and the proofs of death were in its possession, as these had to be furnished as a prerequisite to the respondent's cause of action.

In her complaint the respondent set forth the issuance of the benefit certificate to her father; that it remained in full force and effect until his death; that she was named as the beneficiary therein; that, in due time and in accordance with the terms of the certificate, she had submitted proofs and made demand for the amount agreed to be paid, and that payment thereon had been refused. There was no detailed allegation of the performance of every condition of the certificate, nor general allegation of the performance of all conditions, further than such as might be implied from the allegation of its issuance and that it at all times remained in full force and effect. It is contended that, for want of one or the other of these latter allegations, the complaint is fatally defective, and that the demurrer thereto should have been sustained.

But, conceding that the allegation to the effect that the benefit certificate was in full force and effect at the time of the death of the insured is not equivalent to a general allegation that all the conditions of the certificate have been complied with, still we think the complaint sufficient. In insurance policies of this sort, provisions relative to keeping the insurance in force after the policy is once issued are conditions subsequent, wholly within the knowledge of the insurer and usually without the knowledge of the beneficiary. Under the general rule, therefore, it is matter of defense to be interposed by the insurer, it being sufficient for the beneficiary to set forth the contract and aver its breach on the part of the insurer. This complaint, we are satisfied, sufficiently does this.

Again, the complaint does not show on its face a want of a cause of action. At most there is but a defective statement of a good cause of action. The complaint is capable of amendment, and, under the statute, when a trial on the merits is had, we are admon-

ished to consider all amendments as made which could have been made. (Rem. Code, § 1752.) So here, in the absence of a statement of facts, we must presume that the case was tried as if upon a sufficient complaint, and that the evidence was sufficient to justify a recovery. It is true the statute provides (Rem. Code, § 263) that the objection that the complaint does not state facts sufficient to constitute a cause of action may be made at any stage of the proceedings either in the superior or supreme court, but this statute must be read in the light of the statute above referred to, which is later in time and which modifies it to the extent in which there is a conflict.

The reply, in answer to the affirmative defense of a breach of condition to pay dues, set forth an agreement to carry the policy on notice of the insured's inability to pay because of illness. The motion against the reply was directed to this allegation, its purpose being to require the pleader to set forth the name and character of the officer of appellant to whom the notice of the insured's illness was given, and with what officer or person the alleged agreement was made. While the motion might well have been granted, the matter rested largely in the discretion of the trial court, and from the record before us, that is, from the pleadings, motion and the ruling thereon, we are unable to say that the discretion was abused. In other words, the order, being discretionary, does not on its face show prejudice; it does not show that the appellant was taken by surprise, or that it was in any manner prevented thereby from presenting its defense. In the absence of such a showing, we must presume in aid of the judgment that no prejudice existed.

The appellant cites the by-laws of its organization to the effect that no subordinate lodge of the order has power to waive the payment of dues, and argues there-

from that no defense was stated by this particular allegation. But the allegation is not that the subordinate lodge waived the payment, but is that the appellant itself made the agreement and waiver. Nothing is shown to indicate that the appellant itself did not have such power, and no presumption arises to the contrary.

The judgment is affirmed.

MAIN, C. J., PARKER, MITCHELL, MOUNT, TOLMAN, MACKINTOSH, and HOLCOMB, JJ., concur.