[No. 19898.    Department Two.    October 8, 1926.]

HERBERT MILES et al., Respondents, v. FORREST FLETCHER et al., Appellants.[1]

[1] APPEAL (389)—REVIEW—PLEADINGS—AMENDMENTS REGARDED AS MADE. Where all the evidence of the parties was received without objection, the pleadings will be deemed on appeal to be amended to meet any defect in the complaint or departure in the reply.

[2] WATERS AND WATER COURSES (14, 37)—APPROPRIATION—RIGHTS ACQUIRED—RIGHT OF WAY—PRESCRIPTION. When the owners of a water right and their predecessors in interest, for more than the statutory period, under a claim of right, used a ditch and expended money and labor in its improvement and maintenance they had more than a permissive right, and parties who stood by without objection will be enjoined from interfering with its use.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered September 25, 1925, upon findings in favor of the plaintiffs, in an action for an injunction, tried to the court. Affirmed.

*W. B. Clark* and *James S. Freece,* for appellants.
*Williamson & LaBerge,* for respondents.

MITCHELL, J.—This action, commenced on May 1, 1924, involves the right of the plaintiffs to the use of

¹Reported in 249 Pac. 781.

an irrigation ditch. The action was brought by a husband and wife who were lower landowners, against a husband and wife who owned land above, to enjoin defendants from interfering with the flow of water that plaintiffs alleged they were entitled to. Defendants by their answer denied that the plaintiffs had any right to the use of the ditch, and by a cross-complaint sought injunctive relief against all interference by the plaintiffs with the ditch and the flow of water therein. An appropriate reply completed the issues. The case was tried without a jury. Findings of fact, conclusions of law and judgment were entered in favor of the plaintiffs. Defendants have appealed.

[1] It is contended that the reply was a departure from the allegations of the complaint, and also something more than an intimation is made throughout appellants' brief that the complaint was defective. Neither of such contentions was made in the lower court where the right of amendment is allowed with liberality and, while it may be that the complaint was somewhat defective for the purposes of the case as made by the evidence at the trial, we find quite enough evidence in the record that went in without objection, to sustain the findings and judgment. A trial on the merits having been had, we yield to the admonition found in Rem. Comp. Stat., § 1752 [P. C. § 7336], and follow the uniform rule of our cases such as *Wasmund v. Harm*, 36 Wash. 170, 78 Pac. 777, and *Messick v. National Council of Knights & Ladies of Security*, 103 Wash. 143, 173 Pac. 940, and consider all amendments as made which could have been made to the extent necessary to correspond with the proof.

The controversy is over the Brice ditch which takes water out of Wenas creek, Yakima county. There is no question as to the respondents having a water right. At least it was so determined by a judgment of the

superior court of Yakima county dated February 23, 1921, in an action brought to adjudicate the water rights pertaining to that creek of all the parties to this action and many other persons. Indeed, at the trial of the present case counsel for appellants stated to the court:

"I am willing at this time to say for the purpose of this trial, we are willing to admit this party has a water right."

[2]  So that the sole ultimate question in the case is whether or not the respondents are entitled to the use of the ditch to enjoy the benefit of that water right.

The appellants contend that, while respondents and their predecessors as owners of the respondents' lands have from time to time, though not every year, used the ditch to carry water to their land, that use was permissive only. It appears, according to the testimony on behalf of the appellants, that, prior to the decree of February 23, 1921, settling the water rights of the parties to that suit, on account of disputes or misunderstandings of the parties concerning the amount of water the lower owners of the ditch were entitled to, it happened that some years no water was permitted to run onto the premises in question. But that course of conduct and dealing, admitting it to be true, had to do primarily with the water right of respondents, no longer unsettled since the decree of February 23, 1921, and not with that other right, the use of the ditch for the purpose of carrying water when and to the extent the respondents were actually entitled to receive it.

The trial court has found, upon what we are satisfied is a fair preponderance of the evidence, in effect or precisely as follows: That the Brice ditch has existed

for forty years running from Wenas creek over the lands now owned by the appellants, having its terminus, until the year 1894, at the line dividing respondents' lands on the east and appellants' lands on the west; that in December, 1893, Brice, the then owner of defendants' lands, entered into a written agreement with one Taylor and one Flynn by which the ditch was enlarged through the Brice lands and extended below for the purpose of irrigating lands then belonging to Taylor and Flynn; that by mesne conveyances one Chambers and his wife became and are the owners of seven hundred acres then belonging to Flynn, and that such conveyances conveyed to the successive grantees any and all ditch rights belonging to the lands conveyed or used in connection therewith, the one to Chambers and wife specifically conveying an interest in the Brice ditch; and that Chambers and wife, prior to the commencement of this action, executed and delivered to the plaintiffs a deed conveying all of their right, title and interest in and to the Brice ditch.

"(9) That after the enlargement and extension of the said Brice ditch, the same ran through, over and across the lands now owned by the plaintiffs. That in the year 1904, one Wilbur Kelly, then the owner of the lands now owned by plaintiff, commenced the irrigation of a part thereof with water conveyed through the said Brice ditch, being the only ditch capable of irrigating said land, and said land has annually, during the irrigation season, been irrigated by water conveyed through said ditch, to the date hereof by the respective owners thereof.

"(10) That during all of said time, the right of the owners of plaintiffs' said land to convey water through said ditch, has at no time been questioned until the year 1922, when a dispute arose between the plaintiffs and defendants over the right of plaintiffs to convey water through said ditch.

"(11)   That plaintiff, since acquiring title to his said land, and his predecessors in interest, have annually performed work and labor and have expended money in the maintenance of said ditch.  That during the year 1920, or 1921, plaintiffs, defendants and other persons using water from said ditch, constructed a cement dam in the Wenas creek for the purpose of diverting their said water in the said ditch.  That plaintiff Herbert Miles, with the knowledge and consent of the defendant, Forrest Fletcher, worked in the construction of said dam, for a period of approximately one month, and contributed his pro rata share of the expense to the extent of furnishing material for such construction."

The court further found that plaintiffs' lands are arid and will not produce crops without artificial irrigation; and that, prior to the commencement of this action, the defendants interfered with, and threatened to continue to interfere with and prevent, the flow of water through the Brice ditch to the lands of the plaintiffs.

Under these facts, it cannot be held that the right to the use of the ditch by the respondents and their predecessors in interest was permissive; but, on the contrary, it must be held that such use for more than the statutory period was under a claim and color of right, and that the appellants and their predecessors in interest, in standing by, encouraging, allowing and permitting the respondents and their successive grantors to expend money and labor in the improvement and maintenance of the ditch, put themselves in a position that will not allow them to deny the fairness and correctness of the judgment from which they have appealed.

Affirmed.

TOLMAN, C. J., ASKREN, PARKER, and MACKINTOSH, JJ., concur.