[No. 25310. Department Two. March 16, 1935.]

DU PONT CELLOPHANE COMPANY, *Respondent*, v. A. H. KINNEY *et al.*, *Appellants*, THE STATE OF WASHINGTON *et al.*, *Defendants.*[1]

*Earl W. Husted* and *Gordon D. Eveland,* for appellants.

*Tom W. Holman,* for respondent.

BLAKE, J.—The plaintiff brought this action to enjoin defendants from doing certain acts alleged to be in violation of a decree of the superior court of King county, under which plaintiff was adjudged to have certain exclusive rights in and to the use of the word "Cellophane," and by which all of the defendants

[1]Reported in 42 P. (2d) 441.

herein (except the state and the secretary of state) were enjoined from using that word and certain other similar words in marketing a product manufactured by them. That decree was set out in full in the complaint in this case. Among its provisions was the following:

"It is ordered . . .

"That the plaintiff corporation does not make any claim in this action to own or control the use of and there is hereby excepted from the effect of this decree in favor of the defendants aforesaid the right to use the generic term 'Colophene' also spelled 'Colophane' (pronounced Kō'-lô-fēn and Kŏl'-ŏ-fēn) and, when and only when used and pronounced so as not to conflict with or violate the terms of the within decree so as to constitute any unfair practice or unfair dealing as hereinabove provided against and prohibited by this decree, may be used either alone or in combination as 'Liquid Colophene' without violating the terms, conditions and intent of this decree as hereinabove otherwise provided."

Shortly after the decree was entered, the defendant Kinney filed with the secretary of state articles of incorporation of the *"Colophane Corporation."* The latter and Kinney thereafter filed a proposed trademark with the secretary of state, by which they claimed the right to the use of the word "Colophane" in the marketing of their product. The secretary of state accepted and filed the articles of incorporation and trademark. Plaintiff thereupon brought this action, alleging that such acts violated the decree of the superior court of King county.

Defendants interposed various motions against the complaint, and also demurred on the ground that it did not state a cause of action. The motions were denied, and the demurrer overruled. Defendants answered, setting up several affirmative defenses. Plaintiff replied, and the cause went to trial on the issues thus

made. After a trial lasting twenty-two days, the court entered a decree without making any findings of fact. Defendants appeal.

They have not brought up any statement of facts or bill of exceptions. They make the following assignments of error:

"The trial court erred in the following respects:

"(1) Overruling appellants' motion to strike certain parts of the complaint and, in the event of denial of such relief, to furnish a bill of particulars as to the injury claimed and as to the privileges and immunities claimed by respondent to have been denied to it.

"(2) Overruling appellants' demurrer respectively directed against each cause of action.

"(3) Entering a decree against appellants, or any of them, so far as its provisions are directed against them, or any of them.

"(4) Assessing costs against appellants, or any of them.

"(5) Granting respondent's motion to modify the decree.

"(6) Overruling appellants' motion for new trial.

"(7) Refusing to enter appellants' proposed decree dismissing the action and assessing costs to respondent."

It is apparent that assignments three to seven, inclusive, are unavailing in the absence of a statement of facts or bill of exceptions; for it is presumed that the evidence was sufficient to support the decree in every respect. *Anderson v. McGregor,* 36 Wash. 124, 78 Pac. 776; *Hannon v. Millichamp,* 40 Wash. 118, 82 Pac. 168; *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201; *Smith v. Dement Bros. Co.,* 100 Wash. 139, 170 Pac. 555.

But appellants insist that this rule does not prevent this court from reviewing the first two errors assigned. The difficulty with appellants' position in this respect is that they did not stand either on the mo-

tions or the demurrer. In *Port Townsend v. Lewis,* 34 Wash. 413, 75 Pac. 982, this court said:

"A motion to strike, or to make more definite and certain, is waived by pleading over and going to trial on the merits. Had the appellants stood on their motion, and appealed from the judgment the trial court might have thereafter entered against them, this court would listen to their objections, but they cannot have the benefit of the technical objection and the benefit of a hearing on the merits at the same time. They must waive either one or the other, and, when they proceed to the merits. it is a waiver of the technical objection."

See, also, *Bishop v. Ryan Construction Co.,* 106 Wash. 254, 180 Pac. 126.

Likewise, appellants' failure to stand on their demurrer renders the second assignment of error unavailable, for, having answered and gone to trial, the pleadings are deemed to have been amended to conform to proof. *Messick v. National Council of the Knights & Ladies of Security,* 103 Wash. 143, 173 Pac. 940. In that case, the court said:

"Again, the complaint does not show on its face a want of a cause of action. At most there is but a defective statement of a good cause of action. The complaint is capable of amendment, and, under the statute, when a trial on the merits is had, we are admonished to consider all amendments as made which could have been made. (Rem. Code, § 1752.) So here, in the absence of a statement of facts, we must presume that the case was tried as if upon a sufficient complaint, and that the evidence was sufficient to justify a recovery. It is true the statute provides (Rem. Code, § 263) that the objection that the complaint does not state facts sufficient to constitute a cause of action may be made at any stage of the proceedings either in the superior or supreme court, but this statute must be read in the light of the statute above referred to, which is later in time and which modifies it to the extent in which there is a conflict."

See, also, *Miles v. Fletcher,* 140 Wash. 415, 249 Pac. 781.

Appellants, however, seem to contend that the complaint was not subject to amendment, in that it showed on its face that a cause of action could not be stated. This contention, as we understand it, is predicated upon the assumption that, under paragraph six (above quoted) of the decree of the superior court of King county, appellants were given the unqualified right to the use of the word "Colophane." But we do not so read the paragraph, for it provides that appellants shall have the right to use the word "when and only when used and pronounced so as not to conflict with or violate the terms of the within decree so as to constitute any unfair practice or unfair dealing as hereinabove provided against and prohibited by this decree."

The scope of the decree in the instant case is such that, under the rule above stated, we must presume that evidence was introduced showing that appellants used the word "Colophane" so as "to constitute unfair practice and unfair dealing" as "provided against and prohibited" in the decree of the superior court of King county. The complaint, therefore, being capable of amendment, we must presume, under the cases above cited, that such amendments were made which were necessary to conform to the evidence.

Appellants contend that the superior court of Thurston county did not have jurisdiction to entertain the cause of action set up in the complaint. This contention is predicated on the theory that the object of the action was to modify the decree of the superior court of King county. As the complaint was originally filed, there might have been merit in the contention. But want of jurisdiction was not set up as a ground of demurrer. As the record comes to us now, without a

statement of facts or bill of exceptions, we are unable to determine what issues may have been tendered by the complaint, as finally amended, except as we may gather them from the terms of the decree. Taking the view we have indicated of the meaning of paragraph six of the decree of the superior court of King county, the decree in the instant case does not, in tenor or effect, modify it.

Judgment affirmed.

MILLARD, C. J., TOLMAN, and STEINERT, JJ., concur.

HOLCOMB, J. (dissenting) — The action upon which the decree was entered in the superior court of King county was a full and final adjudication of the rights of the parties therein. This action, as stated in the prevailing opinion, alleged that the acts committed by the principal defendants in this case violated the decree of the superior court of King county.

It is unimportant that there was no demurrer upon the ground that the superior court of Thurston county had no jurisdiction over the parties. Nor is this a case where it was but a defective statement of a good cause of action capable of trial amendment to show a good cause of action, as was the case in *Messick v. National Council of the Knights & Ladies of Security,* 103 Wash. 143, 173 Pac. 940. No complaint or amended complaint could state a good cause of action, since the superior court of King county had first acquired, exercised, and exhausted, exclusive jurisdiction over the parties and the subject matter.

It was laid down as a rule at an early date by this court in *State ex rel. Scandinavian-American Bank of Seattle v. Tallman,* 29 Wash. 411, 69 Pac. 1115, that the court which first acquires possession, or that dominion which is equivalent, draws to itself the exclusive right to dispose of it, for the purposes of its jurisdiction.

That was reaffirmed in *State ex rel. Fidelity & Deposit Company v. Superior Court,* 87 Wash. 498, 151 Pac. 1094, and we approved a declaration by the supreme court of the United States, cited, to the effect that

"The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons."

For these reasons, I dissent. The decree of the superior court of Thurston county should be reversed.