[No. 27593. Department Two. August 1, 1939.]

JETTIE HART ANDERSON, *Respondent*, v. ERNEST ANDERSON, *Appellant*.[1]

*A. P. Wilson*, for appellant.

*E. S. Avey*, for respondent.

GERAGHTY, J.—This appeal is from an interlocutory order granting the respondent a divorce from the appellant and disposing of the property of the spouses.

Respondent is fifty-two years of age and the appellant fifty-five. They were married in the year 1914. There is no issue of the marriage, but the couple adopted an infant boy, Harold Anderson, now seventeen years of age. Respondent had been divorced from a former husband. She inherited from her parents the farm, of about one hundred acres, on which she was

[1]Reported in 93 P. (2d) 290.

born and where the parties lived for the greater part of their married life. The husband is a highly skilled and industrious mill sawyer and, when employed, has always received high wages. At the time of the trial, he was receiving $1.35 an hour. After marriage, the parties acquired a small tract of land as an addition to the farm.

Improvements were made, it is to be inferred, mostly out of the husband's earnings. For the most part, the operation of the farm was carried on by the wife. The husband would come home over week ends. While the farm came to the wife by inheritance, it was considered by the spouses to be community property. The husband estimated that it was worth, as improved, about eight thousand dollars, but, admittedly, would not bring that much as an investment, and was not highly profitable. He has three thousand dollars in bank in his own name and a certificate of insurance of some sort having a cash surrender value of $550.

In the course of the trial, the presiding judge called the couple into his chambers for interrogation, with the view of ascertaining if their difficulties could not be composed. Reference to this examination is made in the findings. The court found from the evidence, and after its interrogation of the parties in chambers, that they had quarreled constantly over a long period of time, and had not really lived together as husband and wife for a period of about two years; "that the attitude of the defendant toward the plaintiff has imposed a severe mental strain" upon her, affecting her whole life, so much so as to constitute cruelty; "that both parties in their attitudes toward each other have been cruel and inhuman;" and that

". . . both parties are of middle age and that there is no likelihood of either party ever relinquishing his

or her said opinions or softening in any degree toward each other."

The court further found that the appellant had subjected the respondent to personal indignities, "consisting of vulgar and profane language" applied to her, and had practiced "a cold and studied indifference" toward her, and "has failed to talk to her."

The findings also recite that the interrogation of the parties in the court's chambers disclosed that there

". . . exists such a complete and gross indifference on the part of the defendant that it constitutes cruelty toward the wife and that reciprocally the wife by reason of such gross indifference has lost all of her love and affection for the said defendant and that . . . it would be better and more satisfactory if the parties to this action were separated by a divorce and it would be better for the welfare of said child, if there were but one person to exercise a measure of control over said minor";

and that, as the matter stood, the parties were indifferent to each other to such an extent that it constituted cruelty and cruel and inhuman treatment on the part of the husband.

The court awarded the farm, with its equipment, to the respondent, who was also given the custody of the son. The appellant was awarded the money in the bank and the insurance certificate.

█ Appellant's first and principal contention is that the complaint did not state facts sufficient to constitute a cause of action.

The appellant did not demur or otherwise challenge the sufficiency of the complaint in the court below. When raised for the first time in this court, the sufficiency of the complaint will be tested by Rem. Rev. Stat., § 1752 [P. C. § 7336], which provides that the *supreme court* shall, upon the hearing, consider all amendments which could have been made as made.

If the evidence in the record discloses facts sufficient to entitle the respondent to relief, the complaint will be deemed amended to conform to the facts. *Messick v. National Council of Knights etc.,* 103 Wash. 143, 173 Pac. 940.

It cannot be said that the evidence as a whole fails to support the court's findings. Considering the attitude of the trial court and its concern to have the marital difficulties of the parties adjusted, we are disposed to accept its determination as a proper solution.

While the appellant assigns error upon the division of the property, he does not discuss the issue at any length in his brief. We think the court's decision was entirely proper. At best, the farm will do no more than support the respondent and their adopted son. The appellant, with the cash assets and his ability to earn high wages, freed from any obligation toward the support of the wife and son, will be relatively better off than the respondent.

The interlocutory order is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.