[No. 4184.  Decided September 23, 1902.]

DANIEL SULLIVAN et al., *Respondents,* v. ANDREW JOHNSON, *Appellant.*

SURFACE WATER — DIVERSION UPON LANDS OF ANOTHER.

Where surface waters are confined by natural barriers, so that the waters do not run from such confinement naturally, the upper proprietor may not construct a ditch so as to cast such waters upon his neighbor, to the latter's material injury.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge. Affirmed.

*Dorr & Hadley* and *Henry McLean,* for appellant.

*Million & Houser,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Appellant is the owner of the west half of section 10, township 35 north, range 3 E., W. M., in Skagit county, except sixty acres in the northwest corner of the section. On the southwest portion of appellant's land is a tract of low, marshy, unimproved ground, comprising some thirty or forty acres, upon which surface water accumulates during the rainy season to the average depth of seven-tenths of a foot. At its greatest depth, the water does not exceed about one foot, when it overflows a natural, sandy clay ridge surrounding it, and runs off in a northwesterly direction, and eventually finds its way into a system of ditches used in draining the lands of respondents. When the overflow ceases, the remainder of the water confined in the marshy basin named is dissipated by percolation or seepage and evaporation. The lands of respondents are improved, tillable lands, and valuable for agricultural purposes. They are lower than the lands of appellant, are situated to the northeast of appellant's lands, and are drained

by a system of ditches which have been used for a number of years. These ditches in the wet season are not of sufficient capacity to carry off the waters accumulating upon respondent's land. At the time this action was begun appellant was constructing a ditch, through the natural barrier above named, to drain the water which accumulates in the basin above named through the natural barrier, upon his neighbor, and thereupon into the ditches which drained respondents' lands. The lower court granted an injunction restraining the defendant from constructing the ditch in question. The defendant appeals.

It will be observed that there is no material distinction between the facts in this case and those in the case of *Noyes v. Gosselman,* 29 Wash. 635. It was there held that, where surface waters are confined by natural barriers so that the same do not run from such confinement naturally, the upper proprietor may not construct a ditch so as to cast such waters upon his neighbor, to the material injury of such neighbor. This rule of law applicable to the case in hand being settled, it is necessary only to consider the facts with reference to the injury. It was alleged in the complaint, and found by the court in the trial below, as follows:

"That said ditch heretofore constructed by the plaintiffs is insufficient to fully drain and properly take care of the surface waters falling on the lands on each side thereof within a distance of 160 rods, that the lands of the plaintiffs and especially of the plaintiff Daniel Sullivan are in a high state of cultivation and drained by a system of underground or covered ditches, and that, in its present condition, if any more water were thrown into said ditch it would thereby cause the lands of plaintiffs to overflow and the said underground ditches to become and remain full of water, and thereby greatly damage the property of the plaintiffs; and that if defendant is permitted to drain said

sink or basin into said ditches that plaintiffs will thereby suffer great and irreparable damage to their lands."

There is some dispute in the evidence upon the question of damages. Some of the witnesses testify that in their opinion the drainage of this water would benefit the lower proprietors. Other witnesses testify that the drainage of the waters contained on the appellant's lands, into the ditches, would render respondents' lands worthless by reason of the increased waters cast upon them. There is apparently no dispute that the ditches now draining respondents' land are inadequate to carry off the water accumulating thereon during the wet season and after heavy rains, and that these rains frequently occur late in the season, and at seeding time. The lower court was in a better position to judge of the truth of this evidence than we are, and for this reason the findings will not be disturbed.

Judgment affirmed.

REAVIS, C. J., and FULLERTON, HADLEY, DUNBAR, ANDERS and WHITE, JJ., concur.