[No. 16943. Department One. May 5, 1922.]

JOHN POWER, *Appellant,* v. JACOB GECK *et al.,*
*Respondents.*[1]

CONTEMPT (29-1)—INDEMNITY TO INJURED PARTY—EVIDENCE. Contempt proceedings for diversion of water in violation of an injunction are properly dismissed where it appears that a third person opened the diversion ditch, without the suggestion or knowledge of the defendants, who had nothing whatever to do with it.

Appeal from a judgment of the superior court for Island county, Alston, J., entered April 4, 1921, dismissing contempt proceedings, tried to the court. Affirmed.

*John C. Richards,* for appellant.
*Wright, Kelleher, Allen & Hilen,* for respondents.

[1] Reported in 206 Pac. 838.

MITCHELL, J.—This is an appeal by John Power from an order dismissing contempt proceedings instituted by him to enforce a final decree giving injunctive relief. The original judgment was in favor of I. C. Holloway and wife and against Jacob H. Geck and wife, in the superior court of Island county, dated May 24, 1915, and entered on June 1, 1915. Both parties, plaintiffs and defendants, appealed from the original judgment, with the result that it was affirmed. *Holloway v. Geck*, 92 Wash. 153, 158 Pac. 989. The controversy was over the drainage of real property. The situation of the properties of the respective parties, the character of changes made for drainage purposes by the defendants, with the consequent invasion of the property of the plaintiffs in that suit, and the different contentions of the parties therein, are clearly described in the opinion of this court already referred to and need not be repeated here.

Subsequent to the date of the affirmance of the original judgment, the present appellant, John Power, purchased the property owned by Holloway and wife at the time of the original suit, and as successor in interest under the judgment brought these proceedings in contempt, alleging that John Geck and wife were violating the original judgment, to his damage. Prior to the present proceedings, the appellant had unsuccessfully preferred charges against respondents of contempt of court in the violation of the judgment, which has been plead and presented in the record now before us and upon which certain arguments are made by the respondents, which arguments, however, we think need not be further noticed or discussed.

The judgment that it is claimed the respondents are violating and that fixed the rights of the parties is as follows:

"Now, therefore, It is by the court here Ordered, Adjudged and Decreed that the defendants, Jacob H. Geck and Bertha Geck, his wife and each of them, their servants, agents, employees and attorneys, be and they are hereby perpetually restrained and enjoined from diverting the waters flowing or to flow in a certain natural water and drainage course running in a Northwesterly direction from a point which is about 137 feet North of the Southeast corner of the Northwest quarter of the Southeast quarter of Section 23, Township 33 North of Range 1 East W. M., in Island county, Washington, to a point which is about 350 feet South of the Northwest corner of the said Northwest quarter of Southeast quarter, in any manner that will cause the waters flowing or to flow in said natural water and drainage course to enter or flow onto or upon the Northeast quarter of the Southwest quarter of Section 23, aforesaid, at any place or point other than where said natural water and drainage course causes such water to enter or flow upon or onto the lands of the plaintiffs herein, which lands and premises of the plaintiffs are described as the Northeast quarter of the Southwest quarter of Section 23, Township 33 North, of Range 1 East W. M., in Island county, Washington."

The court had found that the defendants in the original action, respondents here, had improperly diverted the waters from their natural drainage course at a designated point, to the detriment of the rights of the Holloways, and entered a perpetual injunctive judgment against the diversion at that point. That was the sole relief granted, and that was the judgment which was affirmed by this court and which constitutes the basis for the present contempt proceeding.

It clearly appears from the record and opinion in the *Holloway v. Geck* case, *supra,* that the point of diversion of the water at the time of that suit was upon land belonging to Mrs. Adams, who was not made a party to the suit, although the land belonged to Geck and wife at the time the diversion ditch was originally

constructed. And in the opinion of this court, answering one of the contentions of the Holloways, it was said:

"The plaintiffs further contend that the court should have required defendants to fill the ditch on the Adams' land from the point where it departs from the natural depression of the ground, but it is sufficient answer to this to say that the owner of the land through which this ditch passes was not made a party to the action, and the court would not be warranted in authorizing an entry on her land for such purpose." *Holloway v. Geck,* 92 Wash. 153, 158 Pac. 989.

Upon the hearing in the present instance, there was no proof whatever that the respondents, or either of them, directly or indirectly, has caused or suffered any violation of the original decree. On the contrary, it appears, without dispute, that in the fall of 1916, upon the going down of the remittitur in the case of *Holloway v. Geck,* these respondents, whether with or without the consent of Mrs. Adams does not appear, went upon her premises and completely filled the diversion ditch so as to force all the water along the natural drainage way or course, and that it continued so until the following spring, at which time the tenant of Mrs. Adams' land, without any suggestion or knowledge on the part of the respondents, or either of them, reopened the diversion ditch to suit his own plans in the cultivation of crops grown by him along the natural waterway. The tenant of Mrs. Adams' land so testified at the present hearing; and it further appears that Geck and wife have had nothing whatever to do with the diversion ditch since they refilled it in the fall of 1916, and at all times since shortly thereafter have resided in Seattle, leaving the remainder of their original holdings adjoining the lands of the appellants unoccupied.

The diversion of the water from the natural course

at the place designated and enjoined by the original decree not having been done, caused or suffered by the respondents, or either of them, the judgment dismissing the contempt proceedings was proper, and it is hereby affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.